# EXHIBIT 4

MICHAEL A. SWEET (SBN: 184345)
GEORGE C. LOMBARDI (*Admitted Pro Hac Vice*)
JAMES F. HURST (*Admitted Pro Hac Vice*)
DAVID J. DOYLE (*Admitted Pro Hac Vice*)
SAMUEL S. PARK (*Admitted Pro Hac Vice*)
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, California 94111-5894
Telephone:    415.591.1000
Facsimile:    415.591.1400
Email: msweet@winston.com;
glombardi@winston.com; jhurst@winston.com;
ddoyle@winston.com; spark@winston.com

Attorneys for Defendant
ABBOTT LABORATORIES

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE ABBOTT LABS NORVIR ANTITRUST LITIGATION<br><br>This Document Relates To: All Actions | Case Nos. C-04-1511 CW and<br>C-04-4203 CW<br><br>**ABBOTT LABORATORIES' OPPOSITION TO PLAINTIFFS' RULE 56(f) MOTION**<br><br>**The Honorable Judge Claudia Wilken** |

offer no statement that such facts actually exist, and they provide no explanation as to how the sought-after facts are "essential" to their opposition. This is just a general request to take discovery in the hopes it will turn up something useful, which is precluded by Rule 56(f).

Moreover, as part of an effort to compromise on this issue, Abbott offered to make Devlin available for a deposition nearly a month ago. Yet Plaintiffs have done nothing to notice or schedule his deposition. In addition to the fact that Devlin's deposition is not necessary – as he primarily summarized third-party market information that has been produced to Plaintiffs (and Plaintiffs can have their own experts perform this same analysis) – Plaintiffs should not be granted a continuance to take Devlin's deposition because they already have had ample opportunity to do so. *See Laser Indus. Ltd. v. Reliant Tech., Inc.*, No. C 96-00390, 1998 U.S. Dist. LEXIS 23494, *37 (N.D. Cal. Sept. 3, 1998) (Wilken, J.) (noting that "[a] request for discovery may be denied if the party has already had ample opportunity to conduct discovery").

2. **Plaintiffs' Are Not Entitled To Their Proposed Discovery Relating To Abbott's Motive For Raising Norvir's Price.**

In the "Predatory or Anticompetitive Conduct" section of their supporting declaration, Plaintiffs next assert that they should be allowed to depose six people regarding Abbott's motives for raising Norvir's price, even though *all six* witnesses already have been deposed on that very issue and even though Plaintiffs have offered no reason to believe that these employees would give different answers when questioned by Plaintiffs' counsel. (Stocker Declaration ¶ 34). Nevertheless, according to Plaintiffs, such duplicative discovery "will likely create a genuine issue of material fact as to whether Abbott possessed specific intent to and actually engaged in predatory or anticompetitive conduct." (*Id.*).

First of all, "specific intent" is utterly irrelevant to Abbott's summary judgment motion. When judging whether a party engaged in anticompetitive conduct,

> the nature and consequences of a particular *practice are the vital consideration, not the purpose or intent. Qualifying anticompetitive conduct must always be established first by objective facts about the relevant market and the defendant, quite apart from any manifestation of subjective intent.*

1   PHILLIP E. AREEDA & HERBERT HOVENKAMP, ANTITRUST LAW, Vol. III, ¶ 651 at 74 (2d ed. 2000)
2   (emphasis added).
3          Instead of citing any law on this issue, Plaintiffs take out of context Abbott's
4   statement that a "normal business purpose" for disputed conduct can be important to determining
5   whether it qualifies as anticompetitive conduct. That is true, but it does not mean that an inquiry into
6   subjective intent is proper. Rather, a finding of anticompetitive conduct is generally inappropriate
7   when the "*objective facts*" make a "normal business purpose" apparent (*id.*), such as here where
8   raising profits was the readily apparent purpose of Abbott's decision to raise the price of a patented
9   product.
10         Moreover, Abbott's key point – which Plaintiffs conveniently miss – is that raising
11  the price on a patented product can *never* qualify as "anticompetitive conduct" as a matter of law.
12  Specifically, Plaintiffs are not asserting that Abbott engaged in any traditional category of
13  anticompetitive conduct, such predatory pricing or pricing agreements. Instead, they are pursuing
14  the absolutely unprecedented theory that Abbott is charging "too much" for a patented product. That
15  theory is utter nonsense because, far from qualifying as anticompetitive conduct, a patent creates
16  "the *right* to exclude others from profiting by the patented invention." *Schering-Plough Corp. v.*
17  *FTC*, 402 F.3d 1056, 1065 (11th Cir. 2005) (emphasis added) (quoting *Dawson Chem. Co. v. Rohm*
18  *& Haas Co.*, 448 U.S. 176, 215 (1980)). The "mere possession of monopoly power, and the
19  concomitant charging of monopoly prices, is not only not unlawful; it is an important element of the
20  free market system" *Verizon Comm. Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 407
21  (2004).
22         In fact, to moot any possible issue over Plaintiffs' attempt to pursue this completely
23  unnecessary discovery, Abbott will *stipulate* – solely for purposes of its pending motion – that a
24  factual issue exists regarding its subjective intent for raising Norvir's price. Because of that
25  stipulation, granting Plaintiffs the continuance they seek would serve absolutely no purpose. By
26  definition, their proposed discovery cannot be "essential" to their opposition because Abbott is
27  willing to concede, for purposes of its summary judgment motion, precisely what Plaintiffs would
28  hope to prove through further discovery – that a fact issue exists relating to Abbott's motives for

raising Norvir's price.[2]

### 3. Plaintiffs' Are Not Entitled To Their Proposed Discovery Relating To The "Validity and Enforceability" of Abbott's Patents.

With respect to Abbott's patent argument, Plaintiffs argue for the first time that they should be entitled to take broad, unspecified discovery into the validity and enforceability of Abbott's patents. This request is wholly improper on multiple levels.

First and most obviously, Plaintiffs make no effort whatsoever to satisfy Rule 56(f) and, in fact, do not even mention this issue in their supporting declaration. That alone defeats their request. And far from identifying any "specific facts" or offering any reason to believe that such facts actually exist, Plaintiffs freely concede that they want to take this discovery to "determin[e] *whether* to attack the validity of Abbott's patents." (Plaintiffs Mem. at 13) (emphasis added). This is the definition of a fishing expedition and is absolutely contrary to Rule 56(f), which, as noted, is not designed to allow parties to go "shopping for a case." *Gemisys Corp.*, 186 F.R.D. at 566.

Second, Plaintiffs have failed explain how the validity and/or enforceability of Abbott's patents is material to Abbott's summary judgment motion. Abbott's motion addresses the cause of action actually set forth in Plaintiffs' complaint – raising Norvir's price to attempt to "monopolize" the Boosted Market – which has nothing whatsoever to do with wrongly enforcing an invalid or unenforceable patent. As the Federal Circuit has explained, "[i]n the absence of any indication of illegal tying, fraud in the Patent and Trademark Office, or sham litigation, the patent holder may enforce the statutory right to exclude others from making, using, or selling the claimed invention free from liability under the antitrust laws." *In re Independent Serv. Org. Antitrust Litig.*, 203 F.3d 1322, 1327 (Fed. Cir. 2000).

---

[2] To avoid any confusion, Abbott is offering this stipulation *only* because its intent is completely immaterial to its summary judgment motion. Nevertheless, all of Abbott's documents and depositions make it crystal clear that it raised Norvir's price due to the dramatic change in the drug's role in HIV therapy from a stand-alone protease inhibitor (1200 mg per day) to a low-dose booster (typically 100 mg per day). This is confirmed – not undermined – by the document that Plaintiffs trumpet. That document repeatedly discusses Norvir's changing role, emphasizes that competitors should not be given a free ride through "*inexpensive* access to Norvir," and concludes that Abbott needed to "reposition[]" the drug as a "unique low dose boosting agent." (Plaintiffs' Mem. at 12).

ABBOTT'S OPPOSITION TO PLAINTIFFS' RULE 56(f) MOTION   12

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

## IV. CONCLUSION

For the foregoing reasons, Abbott Laboratories respectfully requests that the Court deny Plaintiffs' Rule 56(f) motion and adopt the following schedule for Abbott's summary judgment motion: Plaintiffs shall file and serve their response to Abbott's summary judgment motion by August 5, 2005; Abbott shall file and serve any reply in support of its motion by August 19, 2005; and a hearing date should follow shortly thereafter, subject to the Court's schedule.

Dated: July 1, 2005

WINSTON & STRAWN LLP

By: /s/ Michael Sweet
Michael A. Sweet (SBN 184345)
Attorneys for Defendant
ABBOTT LABORATORIES