# Exhibit 2

# Baker Hostetler

Baker&Hostetler LLP

Capitol Square, Suite 2100
65 East State Street
Columbus, OH 43215-4260

T 614.228.1541
F 614.462.2616
www.bakerlaw.com

Thomas L. Long
direct dial: 614.462.2626
tlong@bakerlaw.com

May 19, 2008

Honorable Claudia Wilken
United States District Court for the
Northern District of California
U.S. Courthouse
1301 Clay Street
Oakland, California 94612-5212

Re:   *Meijer, Inc., et al., v. Abbott Laboratories*
      U.S.D.C. N.D. Cal., Nos. 07-5985, 07-6010, and 07-6118

Dear Judge Wilken:

We represent Cardinal Health, Inc. ("Cardinal Health"), a national wholesaler of pharmaceutical and other medical products. Cardinal Health has purchased Norvir and Kaletra directly from defendant Abbott Laboratories ("Abbott") for many years. Cardinal Health continues to purchase Norvir and Kaletra from Abbott today. As such, it appears that Cardinal Health would be a member of the class proposed by Meijer, Inc. and Meijer Distribution, Inc., Rochester Drug Co-Operative, Inc., and Louisiana Wholesale Drug Company, Inc. ("Plaintiffs") in their respective complaints (collectively, the "Class Action"), which we have reviewed. We understand from counsel for Plaintiffs that the Court is considering a request by Abbott to pursue so-called "downstream" discovery directed at Plaintiffs. Abbott has also served a Subpoena upon Cardinal Health for "downstream" discovery.

We have reviewed Abbott's motion to this Court urging the allowance of "downstream" discovery. Abbott apparently seeks information, documents and data reflecting Plaintiffs' downstream sales and profits. It also seeks that information from Cardinal Health by way of Subpoena. We write to offer the Court our perspective on this matter in light of Abbott's assertion that it needs the "downstream discovery" to determine whether it would be in the interests of certain absent class members, including Cardinal Health, for this litigation to continue, for Cardinal Health remain an absent member of the proposed class, and/or for the named Plaintiffs to represent a certified class that includes Cardinal Health. In our view, Cardinal Health is in a better position than Abbott to assess what is, and is not, in the interests of Cardinal Health.

Honorable Claudia Wilken
May 19, 2008
Page 2

To assist the Court in its consideration of Abbott's request for "downstream" data and documents, as well as the underlying motion for class certification, we offer the following observations. First, in reviewing what Abbott requests, it is important for the Court to understand the significant expense and burden that would be involved in gathering and producing documents responsive to the downstream requests. Abbott is essentially asking for, among other things, records regarding literally hundreds of thousands of transactions, reflecting just sales of Norvir and Kaletra (to say nothing of other drugs) to thousands of customers over six (6) years. This would involve gathering documentary and electronic records from a number of sources including legacy computer systems. It would be significantly expensive and time consuming should Cardinal Health ultimately be asked to undergo this discovery.

Second, if, as Abbott says in its motion, the point of the discovery is to determine indirectly whether it is in the interests of national wholesalers like Cardinal Health to become or remain a passive member of any certified class in this case, there are more direct ways of getting that information than compelling Cardinal Health (or anyone) to go through the expensive and burdensome process of producing vast quantities of data and documents. Specifically, Cardinal Health has been a class member in several recent similar class actions involving antitrust challenges to manufacturers' alleged efforts to impede drug competition. In those cases Cardinal Health has decided, in its considered business judgment, that: (a) its interests are best served by the action proceeding as a class action with Cardinal Health as part of the Class; and (b) the named plaintiffs and their counsel – including these very named Plaintiffs and their counsel here -- are capable of representing Cardinal Health's interests for purposes of the Class Action.

More specifically, Cardinal Health is aware that Abbott has suggested that the interests of the named Plaintiffs may be antagonistic to the interests of certain Class members, including Cardinal Health. However, Cardinal Health does not believe there is any antagonism or conflict between the interests of the Plaintiffs in pursuing overcharge damages in the above-captioned Class Action, and Cardinal Health's overall economic and legal interests.

Indeed, Abbott should have made this Court aware of the fact Abbott recently requested this very same "downstream discovery" from the plaintiffs and Amerisourcebergen, Cardinal Health and McKesson in the case entitled *In re Tricor Direct Purchaser Antitrust Litigation*, No. 05-340 (D. Del.), which request was denied by the Court by Order dated March 6, 2006 (D.I. 99). Rejecting the relevance of this discovery, the court specifically stated during oral argument: "I don't see how that [Abbott's assertion that certain class members may have benefited from the challenged conduct] creates a conflict."

Honorable Claudia Wilken
May 19, 2008
Page 3

Given that the main grounds Abbott has offered for pursuing downstream discovery appears to be the supposed need to determine whether the interests of the national wholesalers such as Cardinal Health are aligned with the interests of the Plaintiffs, and that Cardinal Health believes there is no present or foreseeable conflict, Cardinal Health respectfully suggests that Abbott's request to take this burdensome discovery has no reasonable basis, and therefore should be denied, and that the motion for class certification should ultimately be granted.

Very truly yours,

Thomas L. Long