# Exhibit 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| MEIJER, INC. & MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | Case No. C 07-5985 CW<br><br>**Hon. Claudia Wilken**<br><br>**DECLARATION OF LAURENCE F. DOUD, III IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL "DOWNSTREAM" DISCOVERY** |
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | Case No. C 07-6010 CW<br><br>**Hon. Claudia Wilken**<br><br>**DECLARATION OF LAURENCE F. DOUD, III IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL "DOWNSTREAM" DISCOVERY** |
| LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | Case No. C 07-6118 CW<br><br>**Hon. Claudia Wilken**<br><br>**DECLARATION OF LAURENCE F. DOUD, III IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL "DOWNSTREAM" DISCOVERY** |

I, Laurence F. Doud, III do declare as follows:

1. My name is Laurence F. Doud III, and I am employed as the Chief Executive Officer and General Manager of Rochester Drug Co-Operative ("RDC"), plaintiff at No. 07-6010.

2. Rochester Drug Cooperative purchased Norvir and Kaletra directly from defendant Abbott Laboratories ("Abbott") for many years and continues to do so today.

3. I have reviewed, and on behalf of RDC participated in responding to, the Document Requests and Interrogatories Abbott propounded in these actions.

4. I understand that Abbott is seeking to compel the production of documents and data reflecting, among other things, RDC's sales of Norvir, Kaletra, Lexiva, and Reyataz and potentially many other antiretroviral drugs to RDCs customers. I further understand that Abbott is seeking, among other things, information concerning RDC's profits with respect to those downstream sales transactions.

5. Gathering and producing the documents and data requested by Abbott in the disputed discovery requests at issue would entail significant expense and burden to RDC. What Abbott is now requesting would require RDC to review tens (if not hundreds) of thousands of transactions reflecting our sales of various products to hundreds of customers over many years. This would involve gathering paper and electronic records from a number of sources including computer systems, would be extremely expensive, time-consuming, and laborious, and would represent a distraction from our day-to-day business.

6. In addition, the requested information, which includes the names of RDC's customers and prices charged to different customers, is extremely sensitive and highly confidential.

7. As part of my responsibilities at RDC, I have overseen recent similar antitrust challenges to manufacturers' anticompetitive conduct. RDC was not required to produce downstream

2

1  discovery in these other cases, some of which resulted in RDC recovering significant
2  overcharges.

3
4  I declare under penalty of perjury under the laws of the United States that the foregoing is true
   and correct.
5
6
7  Dated:  May 20, 2008                              _____
                                                      Laurence F. Doud, III
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3