Nicole M. Norris (SBN 222785)
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA  94111-5894
Telephone:    415-591-1000
Facsimile:    415-591-1400
Email: nnorris@winston.com

James F. Hurst (*Admitted Pro Hac Vice*)
David J. Doyle (*Admitted Pro Hac Vice*)
Samuel S. Park (*Admitted Pro Hac Vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone:    312-558-5600
Facsimile:    312-558-5700
Email: jhurst@winston.com; ddoyle@winston.com; spark@winston.com

Charles B. Klein (*Admitted Pro Hac Vice*)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C.  20007
Telephone:    202-282-5000
Facsimile:    202-282-5100
Email: cklein@winston.com

Attorneys for Defendant
ABBOTT LABORATORIES

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| MEIJER, INC. & MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ABBOTT LABORATORIES,<br><br>Defendant.<br><br>[caption continues next page] | **Case No. CV 07-5985 CW**<br><br>*Related Per October 31, 2007 Order to Case No. CV 04-1511 CW*<br><br>**ABBOTT LABORATORIES' MOTION FOR ENLARGEMENT OF TIME TO OPPOSE MOTION FOR CLASS CERTIFICATION**<br><br>Date:    August 7, 2008<br>Time:    2:00 p.m.<br>Courtroom: 2 (4th Floor)<br>Judge:    Hon. Claudia Wilken |

|     |     |     |
| --- | --- | --- |
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated, | ) ) ) ) | **Case No. CV 07-6010 CW** <br><br> *Related Per October 31, 2007 Order to Case No. CV 04-1511 CW* |
| Plaintiffs, | ) ) | **ABBOTT LABORATORIES' MOTION FOR ENLARGEMENT OF TIME TO OPPOSE MOTION FOR CLASS CERTIFICATION** |
| vs. | ) ) | |
| ABBOTT LABORATORIES, | ) ) | |
| Defendant. | ) ) ) ) ) | Date:      August 7, 2008 <br> Time:      2:00 p.m. <br> Courtroom: 2 (4th Floor) <br> Judge:     Hon. Claudia Wilken |
| LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of itself and all others similarly situated, | ) ) ) ) | **Case No. CV 07-6118 CW** <br><br> *Related Per October 31, 2007 Order to Case No. CV 04-1511 CW* |
| Plaintiffs, | ) ) | **ABBOTT LABORATORIES' MOTION FOR ENLARGEMENT OF TIME TO OPPOSE MOTION FOR CLASS CERTIFICATION** |
| vs. | ) ) | |
| ABBOTT LABORATORIES, | ) ) | |
| Defendant. | ) ) ) ) ) | Date:      August 7, 2008 <br> Time:      2:00 p.m. <br> Courtroom: 2 (4th Floor) <br> Judge:     Hon. Claudia Wilken |

**Winston & Strawn LLP**
35 W. Wacker Drive
Chicago, IL 60601-9703

## NOTICE

Pursuant to Local Rule 6-3 defendant Abbott Laboratories hereby moves this Court for an order enlarging the deadline by which Abbott must oppose the Motion for Class Certification filed by the direct purchasers in the above captioned cases on May 5, 2008.

## INTRODUCTION

Abbott seeks a modest enlargement of the opposition and reply deadlines to account for an anticipated ruling by the Court on Abbott's pending Motion to Compel Production of Documents and Interrogatory Responses from Plaintiffs. That motion seeks "downstream discovery" from Plaintiffs relevant to whether there is a fundamental conflict between the proposed class members and other members of the putative direct purchaser class – a conflict that precludes certification of the class under Rule 23 of the Federal Rules of Civil Procedure. The Court's ruling on that motion could materially affect Abbott's opposition to the class certification motion, which currently is due in less than a week, on June 16.

In March 2008, shortly before their class certification motion was due, Plaintiffs sought and obtained more than a one-month extension of the Court's December 12, 2007 Case Management Order setting forth the class certification briefing schedule. Abbott consented to this request for an enlargement of time by Plaintiffs. On order from the Court, the current class certification briefing schedule is as follows:

| | | |
|---|---|---|
| June 16, 2008 | | Defendant's Opposition to Class Certification due |
| July 14, 2008 | | Plaintiffs' Reply due |
| August 7, 2008 | | Oral Argument |

Abbott seeks an order granting Abbott at least one week (longer if the Motion to Compel is granted) from the date of the Court's order on the pending Motion to Compel to oppose Plaintiffs' class certification motion. Abbott also seeks a corresponding extension of the reply deadline. If practicable and acceptable to the Court, Abbott consents to retaining the August 7 hearing date.

Although Abbott consented to Plaintiffs' request for more than a *one month* extension of class certification deadlines, Plaintiffs have indicated that they intend to oppose this modest

1

motion for enlargement. To date, however, Plaintiffs have failed to state how, if at all, they would be prejudiced by the requested extension.

**ARGUMENT**

The requested enlargement is warranted under Local Rule 6-3 to account for the fact that Abbott needs sufficient time to address the Court's anticipated ruling on Abbott's Motion to Compel, and the June 16 deadline for Abbott's opposition to Plaintiff's class certification briefing is less than a week away.

Abbott's Motion to Compel seeks "downstream discovery" that is directly relevant to this Court's determination of whether class certification is appropriate. *See e.g., Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 350 F.3d 1181 (11th Cir. 2003); *Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Group L.P.*, 247 F.R.D. 156 (C.D. Cal. 2007); *In re Urethane Antitrust Litigation*, 237 F.R.D. 454 (D. Kan. 2006). As a result, the Court's disposition of Abbott's Motion to Compel could significantly affect the nature of Abbott's upcoming opposition brief.

Abbott could be substantially harmed absent the requested enlargement of time. Without that extension, Abbott could have to oppose the Motion for Class Certification without the materials requested in the Motion to Compel, and without guidance from the Court as to the potential relevance of those materials. If the Court's ruling were to come after June 16, Abbott would likely move to supplement its opposition to address that ruling, thus causing haphazard briefing and inefficient consideration of the relevant class certification issues.

Abbott thus proposes an enlargement of time that turns on the nature of the Court's ruling on the Motion to Compel. If the Court grants Abbott's Motion to Compel and requires Plaintiffs to produce the requested "downstream discovery," Abbott suggests that the parties meet-and-confer in an attempt to determine a new deadline for Abbott's response after a reasonable time to produce and review responsive documents and corresponding interrogatory responses. As discussed in the supporting declaration of Charles B. Klein, the parties already have stipulated that some enlargement of time would be necessary under these circumstances to take into account the fact that Abbott agreed to stay enforcement of Rule 45 subpoenas pending resolution of the Motion to Compel.

Alternatively, if the Court denies the Motion to Compel, Abbott requests a mere one-week enlargement of time from the date of the Court's order to file its opposition to Plaintiffs' Motion for Class Certification. This modest extension would be necessary to allow Abbott and its expert time to evaluate and address the Court's ruling.

In either event, the requested enlargement would postpone the deadline for Plaintiffs' reply by a commensurate amount of time. If practical and acceptable to the Court, Abbott would not oppose retaining the current August 7 hearing date.

On June 9, 2008, counsel for Abbott contacted counsel for the Meijer plaintiffs in an effort to reach an agreement as to this requested enlargement of time. Counsel for Plaintiffs indicated that they would not agree to any extension of time for Abbott to respond to Plaintiffs' opening class certification brief other than the stipulation discussed above. To date, however, Plaintiffs have failed to explain how they would be prejudiced by the requested enlargement designed to allow Abbott to address a ruling on a pending discovery motion. In fact, courts generally defer consideration of a motion for class certification until after discovery so that they have enough information to decide the relevant issues. *See, e.g., Miami Univ. Wrestling Club v. Miami Univ.*, 302 F.3d 608, 616 (6th Cir. Ohio 2002) (upholding "the district court's decision to hold their motion for class certification in abeyance until the parties had concluded discovery); *Livesay v. Punta Gorda Isles, Inc.,* 550 F.2d 1106, 1111 (8th Cir. 1977), rev'd on other grounds sub nom *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978) (holding that no prejudice occurred during a 14-month lapse between filing of class certification motion and a decision on the motion, during which the parties conducted discovery); *Philipp v. Carey*, 517 F. Supp. 513, 521(N.D.N.Y 1981) (deferring a decision on class certification "until such time, following further discovery, that all parties to this action, as well as the Court, can better ascertain class membership"); *Greene v. Southland Corp*., 83 F.R.D. 117, 122 (N.D. Tex. 1979) (deferring decision on class certification until after discovery).

Consistent with this authority, Abbott acted promptly in attempting to resolve the parties' discovery dispute in a timely manner. Plaintiffs filed their Consolidated Amended Complaint on January 1, 2008. Abbott served the discovery requests at issue only two months later,

3

on March 7, 2008. This discovery was served immediately after the completion of briefing on Abbott's Motion to Dismiss the Consolidated Amended Complaint, and more than three months before Abbott's opposition to class certification currently is due. On April 7, 2008, Plaintiffs filed their response to Abbott's discovery requests, objecting to the production of "downstream discovery." In an attempt to resolve the dispute, the parties engaged in a series of meet-and-confers through late April. Failing to reach an agreement, Abbott filed its Motion to Compel on May 12, 2008, pursuant to an expedited briefing schedule agreed to by the parties.

Plaintiffs' rejection of Abbott's reasonable enlargement request is surprising – and, we submit, inappropriate – given that Abbott previously consented to Plaintiffs' earlier request to extend all class certification deadlines *by more than one month*.

**CONCLUSION**

For the foregoing reasons, Abbott respectfully requests that the Court grant its Motion for Enlargement of Time to Oppose Motion for Class Certification.

Dated: June 10, 2008                    WINSTON & STRAWN LLP

By:  /s/ Charles B. Klein

Charles B. Klein
Attorneys for Defendant
ABBOTT LABORATORIES