Nicole M. Norris (SBN 222785)
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA 94111-5894
Telephone:    415-591-1000
Facsimile:    415-591-1400
Email: nnorris@winston.com

James F. Hurst (*Admitted Pro Hac Vice*)
David J. Doyle (*Admitted Pro Hac Vice*)
Samuel S. Park (*Admitted Pro Hac Vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone:    312-558-5600
Facsimile:    312-558-5700
Email: jhurst@winston.com; ddoyle@winston.com;
spark@winston.com

Charles B. Klein (*Admitted Pro Hac Vice*)
WINSTON & STRAWN
1700 K. Street, N.W.
Washington, D.C., 20006-3817
Telephone:    202-282-5000
Facsimile:    202-282-5100
Email: cklein@winston.com

Attorneys for Defendant
ABBOTT LABORATORIES

**WINSTON & STRAWN LLP**
**101 California Street**
**San Francisco, CA 94111-5894**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MEIJER, INC. & MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>ABBOTT LABORATORIES,<br><br>                    Defendant. | **Case No. C 07-5985 CW**<br><br>*Related Per October 31, 2007 Order to Case No. C 04-1511 CW*<br><br>CONSOLIDATED CASE<br><br>**ABBOTT LABORATORIES' CORRECTED MISCELLANEOUS ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL**<br><br>Date:        August 7, 2008<br>Time:        2:00 p.m.<br>Courtroom: 2 (4th Floor)<br>Judge:       Hon. Claudia Wilken |

I.     **NOTICE OF MOTION**

TO PLAINTIFFS AND HIS ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN Defendant Abbott Laboratories ("Abbott") will and hereby does move the Court for Miscellaneous Administrative Relief to file the following documents under seal:

- Portions of Abbott's Opposition To Direct Purchaser Class Plaintiffs' Motion For Class Certification;

- Portions of the Declaration of Joel Hay in support of Abbott's Opposition to Direct Purchaser Class Plaintiffs' Motion for Class Certification.

- Declaration of Joseph Serio in support of Abbott's Opposition to Direct Purchaser Class Plaintiffs' Motion for Class Certification and exhibit attached thereto;

- Exhibit 1 to the Declaration of Charles B. Klein in support of Abbott's Opposition to Direct Purchaser Class Plaintiffs' Motion for Class Certification;

Abbott's Motion for Miscellaneous Administrative relief is based on this Notice of Motion and Motion, the Declaration of Charles B. Klein filed herewith, and any further material and argument presented to the Court related to Abbott's Motion to Dismiss.

II.     **INTRODUCTION**

Abbott is a global, broad-based health-care company devoted to the discovery, development, manufacture and marketing of pharmaceuticals and medical products, including nutritionals, devices and diagnostics. Abbott licenses its patented AIDS drug, Norvir®, to pharmaceutical companies selling in all 50 states and in many countries around the world.

The market for HIV/AIDS drugs is very competitive. As a result, information regarding prices paid to Abbott by direct and indirect purchasers, as well as the pricing strategies employed by Abbott, could be beneficial for competitors to obtain. Accordingly, Abbott seeks to have its Opposition To Direct Purchaser Class Plaintiffs' Motion For Class Certification and Attached Exhibits protected from public disclosure to preserve the confidentiality of competitively sensitive financial information contained in the brief.

WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894

III.    DISCUSSION

The right to inspect and copy judicial records is not absolute.    *See Hagestad v. Tragesser*, 49 F. 3d 1430, 1433 (9th Cir. 1995) (*citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)).    "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  *Id.* Federal Rules of Civil Procedure 26(c) provides, that for good cause shown, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, undue burden or expense."    Specifically, the court has the authority to withhold information from the public so "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way."  Fed. R. Civ. P. 26(c)(7).  This is consistent with the requirements of the Trade Secrets Act (18 U.S.C. § 1905).

In this case, Abbott seeks to file under seal the following "Highly Confidential" documents:

- Portions of Abbott's Opposition To Direct Purchaser Class Plaintiffs' Motion For Class Certification;

- Portions of the Declaration of Joel Hay in support of Abbott's Opposition to Direct Purchaser Class Plaintiffs' Motion for Class Certification;

- Declaration of Joseph Serio in support of Abbott's Opposition to Direct Purchaser Class Plaintiffs' Motion for Class Certification and exhibit attached thereto;

- Exhibit 1 to the Declaration of Charles B. Klein in support of Abbott's Opposition to Direct Purchaser Class Plaintiffs' Motion for Class Certification.

The redacted information in these documents is highly sensitive to Abbott.  It is a window into Abbott's practices for setting initial prices for its pharmaceutical products Norvir® and Kaletra®, as well as its practices for negotiating with direct purchasers for final payment terms and conditions.  *See* McCallum Decl. at ¶¶ 3-4.  Abbott's Opposition brief and the Declaration of Joel Hay in support of the Opposition both contain in-depth analysis of Abbott's pricing strategies and practices.  The availability of such confidential financial information to the public in general and to Abbott's competitors would be severely damaging because competitors would gain insight into

WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894

Abbott's practices for negotiating and setting prices for products in the extremely competitive market for AIDS/HIV medications.

The Serio Declaration contains a discussion of a highly confidential agreement between Abbott and a direct purchaser, and the agreement is attached to that Declaration. The agreement contains a confidentiality provision that requires the parties to keep even the existence of the agreement confidential. *See* McCallum Decl. at ¶ 7. As a result, Abbott is required under that agreement to take all available steps to maintain its confidentiality.

Finally, Exhibit 1 to the Declaration of Charles B. Klein is an assignment agreement between Plaintiff Meijer, Inc. and Frank W. Kerr Company that Meijer produced under a "Highly Confidential" designation.

Thus, the contents are considered highly confidential and proprietary to Abbott and should be protected from disclosure under the Federal Rule of Civil Procedure 26(c)(7) and Civil Local Rule 79-5.

After contacting counsel for Meijer regarding the confidentiality of the documents described above, Meijer agrees that filing the documents under seal is appropriate.

## IV.  CONCLUSION

To protect the confidential pricing strategies and other sensitive competitive information contained in its brief, Abbott respectfully requests this Court grant Abbott's request to place under seal documents listed above.

Dated: June 30, 2008                 WINSTON & STRAWN LLP


By:   /s/ Stephanie S. McCallum
         Stephanie S. McCallum
         Attorneys for Defendant
         ABBOTT LABORATORIES

WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894