Nicole M. Norris (SBN 222785)
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400
Email: nnorris@winston.com

James F. Hurst (*Admitted Pro Hac Vice*)
David J. Doyle (*Admitted Pro Hac Vice*)
Samuel S. Park (*Admitted Pro Hac Vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: 312-558-5600
Facsimile: 312-558-5700
Email: jhurst@winston.com; ddoyle@winston.com; spark@winston.com

Charles B. Klein (*Admitted Pro Hac Vice*)
WINSTON & STRAWN
1700 K. Street, N.W.
Washington, D.C., 20006-3817
Telephone: 202-282-5000
Facsimile: 202-282-5100
Email: cklein@winston.com

Attorneys for Defendant
ABBOTT LABORATORIES

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| MEIJER, INC. & MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | **Case No. C 07-5985 CW**<br><br>*Related Per October 31, 2007 Order to Case No. C 04-1511 CW*<br><br>CONSOLIDATED CASE<br><br>**CORRECTED DECLARATION OF STEPHANIE S. MCCALLUM IN SUPPORT OF ABBOTT LABORATORIES' MISCELLANEOUS ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL**<br><br>Date: August 7, 2008<br>Time: 2:00 p.m.<br>Courtroom: 2 (4th Floor)<br>Judge: Hon. Claudia Wilken |

CORRECTED DECLARATION OF STEPHANIE S. McCALLUM IN SUPPORT OF ABBOTT LABORATORIES' MISCELLANEOUS ADMINISTRATIVE MOTION TO CERTAIN DOCUMENTS UNDER SEAL - C-07-5985 CW

I, STEPHANIE S. MCCALLUM, declare:

1. I am an attorney at law, admitted to practice *pro hac vice* in this Court for this matter. I am a associate with the law firm of Winston & Strawn LLP, counsel of record for Abbott Laboratories ("Abbott"), and am authorized to make this Declaration in that capacity.

2. I submit this Declaration under Local Rule 79-5(b) and (d) in support of the sealing of the following documents that have been designated "Highly Confidential" by Abbott and Plaintiffs, Meijer, Inc. and Meijer Distribution et al.:

- Portions of Abbott's Opposition To Direct Purchaser Class Plaintiffs' Motion For Class Certification;
- Portions of the Declaration of Joel Hay in support of Abbott's Opposition to Direct Purchaser Class Plaintiffs' Motion for Class Certification;
- Declaration of Joseph Serio in support of Abbott's Opposition to Direct Purchaser Class Plaintiffs' Motion for Class Certification and exhibit attached thereto;
- Exhibit 1 to the Declaration of Charles B. Klein in support of Abbott's Opposition to Direct Purchaser Class Plaintiffs' Motion for Class Certification.

3. Abbott's opposition brief is confidential. The brief contains, among other things, sensitive pricing information, including information on pricing practices and strategies based on documents and data that Abbott has produced under a "Confidential" or "Highly Confidential" designation. The portions that have been redacted from the class certification opposition brief reflect, in general, Abbott's pricing practices for its pharmaceutical products, as well as Abbott's interactions with its direct and indirect customers, that are not shared with the public or widely disseminated even within Abbott. As explained further in the Declaration of Jeffrey J. Devlin at ¶¶ 4-5, Case No. C-04-1511 CW, Docket No. 231, this information is kept in the highest confidence even within Abbott and is not intended to be disseminated to the general public or Abbott's competitors. Moreover, the brief cites and discusses the documents described below. Because these documents themselves are confidential, any discussion of them is likewise confidential.

4. The Declaration of Joel Hay similarly contains in-depth analysis of Abbott's pricing practices and strategies based on documents and data that Abbott produced under a

1

CORRECTED DECLARATION OF STEPHANIE S. McCALLUM IN SUPPORT OF ABBOTT LABORATORIES' MISCELLANEOUS ADMINISTRATIVE MOTION TO CERTAIN DOCUMENTS UNDER SEAL - C-07-5985 CW

"Confidential" or "Highly Confidential" designation. The Hay Declaration contains information on Abbott's strategic thinking and views related to pricing, market positioning, market segmentation, internal projections, long-range planning, and sales of its pharmaceutical products that are not shared with the public or widely disseminated even within Abbott.

5. It is also my understanding that the sealed information in the class certification opposition and Hay Declaration could be confusing, misleading, or incomplete if taken out of context or without the proper background information. Therefore, some of the information redacted, in addition to being competitively sensitive, could be used to mislead the public and be perceived in a way that was never intended by the author. In making such designations, Abbott made efforts to limit the scope of its redactions, keeping the redacted information to only confidential and/or proprietary information that is sensitive to Abbott's business and/or ability to compete.

6. Moreover, the redacted information contained in these documents could be useful to Abbott's competitors, who would learn Abbott's strategic thinking, decision-making processes, and information used to make its important decisions. Accordingly, any disclosure of this information would be harmful to Abbott.

7. Abbott also seeks to seal the Declaration of Joe Serio and an attached agreement between Frank W. Kerr and Company and Abbott. The agreement contains a confidentiality clause requiring Abbott to take all precautions to keep the agreement confidential and not widely disseminate those terms. *See* Serio Decl. Ex. A at § 6. Because of this provision, Abbott is required to seek to protect these terms from disclosure to the fullest extent possible. Therefore, Abbott seeks to file the Declaration of Joe Serio, which describes the terms of the agreement and the agreement itself, under seal.

8. Last, Abbott seeks to seal the document attached to the Declaration of Charles B. Klein at Exhibit 1. This document, an assignment agreement between Plaintiff Meijer, Inc. and Frank W. Kerr Company is a contract that is not widely disseminated to the public. The Plaintiffs produced this document under a "Highly Confidential" designation. Accordingly, because of the

confidentiality restrictions set forth, Abbott respectfully requests these documents be filed under seal.

9. Thus, to preserve the confidentiality asserted by both parties, Abbott seeks to file the documents listed in paragraph 2 above under seal.

10. On June 25, 2008, counsel for Abbott contacted John D. Radice, counsel for Meijer, to obtain his consent to file the documents identified in paragraph 2 above under seal. He agreed on all counts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Chicago, Illinois.

Dated: June 30, 2008                                  /s/ Stephanie S. McCallum
                                                                Stephanie S. McCallum

**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111-5894