# EXHIBIT B

```
 1  Joseph R. Saveri (SBN 130064)
    jsaveri@lchb.com
 2  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
    Embarcadero Center West
 3  275 Battery Street, 30th Floor
    San Francisco, CA  94111-3339
 4  Telephone:  (415) 956-1000
    Facsimile:   (415) 956-1008
 5  Attorneys for Rochester Drug Co-Operative, Inc.

 6  Charles M. Kagay (SBN 73377)
    cmk@slksf.com
 7  SPIEGEL LIAO & KAGAY LLP
    388 Market Street, Suite 900
 8  San Francisco, California 94111
    Telephone:    (415) 956-5959
 9  Facsimile:    (415) 962-1431
    Attorneys for Plaintiff Louisiana Wholesale Drug Co, Inc.
10
    Laurence D. King (SBN 206423)
11  lking@kaplanfox.com
    KAPLAN FOX & KILSHEIMER LLP
12  350 Sansome Street, Suite 400
    San Francisco, CA 94104
13  Telephone:   (415) 772-4700
    Facsimile:   (415) 772-4707
14  Attorneys for Meijer, Inc & Meijer Distribution, Inc.
15
    [Additional Counsel Appear on Signature Page]
16
                        UNITED STATES DISTRICT COURT
17                     NORTHERN DISTRICT OF CALIFORNIA
                              OAKLAND DIVISION
18
19  _____
                                          )
20  MEIJER, INC. & MEIJER DISTRIBUTION,   )   Case No. C 07-5985 CW
    INC., ROCHESTER DRUG CO-              )   Case No. C 07-6010 CW
21  OPERATIVE, and LOUISIANA              )   Case No. C 07-6118 CW
    WHOLESALE DRUG, on behalf of          )
22  themselves and all others similarly   )
    situated,                             )   PLAINTIFFS' MEIJER, ROCHESTER
23                                        )   DRUG AND LOUISIANA WHOLESALE
                          Plaintiffs,     )   DRUG FIRST REQUEST FOR
24                                        )   PRODUCTION OF DOCUMENTS &
          v.                              )   THINGS TO DEFENDANT ABBOTT
25                                        )   LABORATORIES
    ABBOTT LABORATORIES,                  )
26                          Defendant.    )   The Honorable Claudia Wilken
                                          )
27  _____)
28
```

EXHIBIT ___2___
PAGE __1__ OF __12__

[C-07-6118 CW, C-07-6010 CW, C-07-5985 CW] PLAINTIFFS' FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO ABBOTT LABORATORIES

| | | |
|---|---|---|
| PROPOUNDING PARTY: | | Plaintiffs Meijer, Rochester Drug and Louisiana Wholesale Drug |
| RESPONDING PARTY: | | Defendant Abbott Laboratories |
| SET: | | First |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Meijer, Inc. & Meijer Distribution, Inc, Rochester Drug Co-Operative and Louisiana Wholesale Drug, on behalf of themselves and all others similarly situated, (collectively, "Plaintiffs"), request that Defendant Abbott Laboratories (Abbott) produce the documents below within 30 days after service of this request and permit Plaintiffs to inspect and copy those documents which are in its possession, custody and control. Documents, information and things should be produced to the law offices of Garwin Gerstein & Fisher at 1501 Broadway, Suite 1416, New York, New York 10036.

These requests are continuing and require Abbott to provide supplemental responses in accordance with the requirements of Fed. R. Civ. P. 26(e).

## I.  DEFINITIONS

A.  All definitions and instructions as set forth in the Federal Rules of Civil Procedure 26 and 34 shall apply to all document requests herein.

B.  The definitions as set forth in Rule I-5 of the Local Rules of the United States District Court for the Northern District of California are adopted and treated as if fully set forth herein.

C.  "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations

D.  "You", "Your" and "Abbott" refers to the Defendant, Abbott Laboratories, that is subject to this Notice, its former or current employees, officers, directors, representatives, agents or other persons acting or purporting to act on its behalf or at its direction, including, without limitation, attorneys and accountants, and any division, subdivision, predecessor, parent, subsidiary or affiliated corporations or entities.

EXHIBIT 2
PAGE 2 OF 12

1   E.   "Relate to" and "Relating to" means addresses, analyzes, commenting on, concerning, constituting, discusses, identifies, includes, lists, mentions, recommending, references, refers and referring to, reflecting, setting forth, reports, states, and/or pertaining to or pertains to.

F.   "Related Actions" means the following actions: *Smith Kline Beecham Corporation dba GlaxoSmithKline v. Abbott Laboratories*, Case No. 07-5702(CW); *Safeway, Inc. et al v. Abbott Laboratories*, Case No. 07-5470 (CW); *Rite Aide Corporation, et al v. Abbott Laboratories*, Case No. 07-6120 (CW); and *In re Abbott Laboratories Antitrust Litigation*, Case No. 04.1511(CW), all of which are in the Northern District of California and currently assigned to Judge Claudia Wilken.

G.   The singular shall be deemed to include the plural and vice versa so as to bring within the scope of this notice all information that might otherwise be construed to be outside its scope.

H.   "Including" shall mean "including without limitation."

I.   "And" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

J.   "Norvir" refers to and shall mean the trade name for Ritonavir, a product manufactured by Abbott, and references to Norvir include Norvir, Ritonavir, ABT-538, and any analogues and formulations thereof.

K.   "Kaletra" refers to and shall mean the trade name for the Abbott product consisting of Lopinavir and Ritonavir.

L.   "Liponavir" refers to and means the chemical compound that is in Kaletra.

M..   "Costs", "Expenses", "Cost Savings", "Revenue", and "Sales" are defined by Kohler's Dictionary for Accountants and such definitions shall apply to the meaning of these terms for purposes of this document request.

N.   "Summary documents" shall mean to include documents that have been generated, received, kept, maintained and/or utilized by You, and documents that generated by third parties that are in your possession, custody and control, which contain summaries, concise statements, and/or a comprehensive compendium of information and data covering a time period of not less than thirty

EXHIBIT __2__
PAGE __2__ OF __12__

(30) days, including, *e.g.*, monthly reports, quarterly reports, annual reports, analyses, forecasts, projections, and/or summaries covering a time period of 30 days or longer.

  O. "Communication" is to be interpreted in its most comprehensive sense and includes every conceivable manner or means of disclosure, transfer or exchange of information either orally or in writing between one or more person or entities.

  P. All other words have their plain and ordinary meaning.

## II. INSTRUCTIONS

  1. All Requests herein refer and relate to documents generated, prepared produced, received and/or in Abbott's possession (regardless when such document was originally prepared) from January 1, 2001 to the present (relevant time period) unless otherwise stated.

  2. You are instructed to produce the documents and information requested herein that have not already been produced by You in the Related Actions.

  3. All requests are deemed continuing requests and You are required to supplement your answers with any newly discovered materials responsive to these requests in accordance with Fed. R. Civ. P. 26(e).

  4. You are instructed to produce documents and things in Your possession, custody or control regardless of the physical location of the documents and in whose files or computers such documents or information is stored.

  5. All documents should be produced in the same order in which they are kept or maintained by You in the ordinary course of Abbott's business. Documents that have not been kept in accordance with Abbott's ordinary course of business shall still be produced if such documents are responsive to the request(s).

  6. If You are unable to answer or respond fully to any document request, please answer or respond to the extent possible and specify the reasons for Your inability to answer or respond in full.

EXHIBIT __2__
PAGE __4__ OF __12__

[C-07-6118 CW, C-07-6010 CW, C-07-5985 CW] PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ABBOTT LABORATORIES
- 3 -

7.   In producing documents, if the original of any document cannot be located, then produce a copy in lieu thereof, which is legible, bound and stapled in the same manner as the original.

8.   All versions of a document shall be produced. All documents shall be produced in their entirety, without deletion or exclusion regardless whether You consider the entire document to be relevant or responsive. Documents shall be produced with all attachments and enclosures and in their original file, binder or other cover or container. All pages of a document now stapled or fastened together should be produced stapled or fastened together. The original document shall be produced if You cannot produce a legible copy of such document.

9.   All documents that are stored in electronic or computer format shall be produced on computer diskettes where possible as well as in hard copy form, unless otherwise instructed.

10.   If You refuse to produce documents on grounds that compliance would be unduly burdensome, set forth the number of the document request, the number and nature of the documents, the location of the documents and the number of hours and the costs You would incur in conducting the search.

11.   If You choose to withhold from production any document called for by these Requests, you must provide a log containing the following information (a) the title of the document or writing; (b) the number of pages of the document or writing; (c) the identity of all author(s) or drafters of the document or writing; (d) the identity of each person to whom an original or a copy of the document or writing was sent; (e) the title and subject matter of the document or writing; (f) the description of the material withheld, to the fullest extent possible short of waiving the claim to privilege; (g). the reason for withholding the document or writing; and (h). the identity of each person, firm, corporation or other entity in possession of an original or copy of the document or writing; (i) the identity of each person, firm, corporation or other

EXHIBIT 2
PAGE 5 OF 12

[C-07-6118 CW, C-07-6010 CW, C-07-5985 CW] PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ABBOTT LABORATORIES                 - 4 -

entity in last known possession of an original or copy of the document or writing; (j) the date the document or writing was created; (k) the version, revision or edition of the document or writing; (l) whether the document or writing is a draft copy or final version; and (m) the identity of all other versions, editions, revisions or drafts of the document or writing (even if superseded or obsolete), together with the creation dates and effective dates of all other versions, editions, revisions or drafts.

12. If any documents or information are withheld on the basis that such documents or information contains attorney work product, please provide all information described in Instruction No. 11 and identify the litigation in connection with the document that was prepared or the information was received.

13. If You claim any ambiguity in interpreting a Definition, Instruction or Request, such claims shall not be a basis for refusing to produce responsive documents. Such claim shall promptly be brought to the party issuing the request and, by meet and confer, resolved in writing, if possible.

14. If any responsive documents was but no longer is in Your possession custody and control, state whether it is (a) missing or lost, (b) destroyed, (c) transferred voluntarily or involuntarily to another person or entity, or (d) otherwise disposed of. In each applicable instance, explain in writing the date or approximate date and the circumstances surrounding the disposition thereof.

15. Delay shall not be a reason for refusing to produce documents. All concerns relating to production shall be promptly brought to the attention of the counsel designated for Plaintiffs. Unless otherwise instructed, Your contact person to discuss methods and timing of production and all concerns and objections is Andrew Aubertine, attorney for Louisiana Wholesale Drug, contact information identified herein, and his designees.

EXHIBIT 2
PAGE 6 OF 12

[C-07-6118 CW, C-07-6010 CW, C-07-5985 CW] PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ABBOTT LABORATORIES

- 5 -

## III. DOCUMENT REQUESTS

Produce the following:

**DOCUMENT REQUEST NO. 1**

Documents, including Summary Documents prepared for and/or used by Abbott officers, directors (including employees with the term "director" in their title), and managers, that are sufficient to show all costs and expenses relating to Norvir that vary from year to year, including, *e.g.*, those costs and expenses that vary as the unit sales of Norvir go up or down and/or those costs and expenses that would be eliminated if Abbott were to stop selling Norvir in the United States.

**DOCUMENT REQUEST NO. 2**

Documents, including Summary Documents prepared for and/or used by Abbott officers, directors (including employees with the term "director" in their title), and managers, that are sufficient to show all costs and expenses of Kaletra that vary from year to year, including, *e.g.*, those costs and expenses that vary as the unit sales of Kaletra go up or down and/or those costs and expenses that would be eliminated if Abbott were to stop selling Kaletra in the United States.

**DOCUMENT REQUEST NO. 3**

Documents, including Summary Documents prepared for and/or used by Abbott officers, directors (including employees with the term "director" in their title), and managers, that are sufficient to show all costs and expenses of Lopinavir that vary from year to year, including, *e.g.*, those costs and expenses that vary as the unit sales of Kaletra go up or down and/or those costs and expenses that would be eliminated if Abbott were to stop selling Kaletra in the United States.

EXHIBIT 2
PAGE 7 OF 12

[C-07-6118 CW, C-07-6010 CW, C-07-5985 CW] PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ABBOTT LABORATORIES                                                                 - 6 -

**DOCUMENT REQUEST NO. 4**

Documents, including Summary Documents prepared for and/or used by Abbott officers, directors (including employees with the term "director" in their title), and managers, that are sufficient to show all costs and expenses of Norvir that are sunk, fixed and/or to which Abbott is pre-committed such that the costs or expenses could not be saved or avoided by shutting down operations and no longer selling Norvir in the United States.

**DOCUMENT REQUEST NO. 5**

Documents, including Summary Documents prepared for and/or used by Abbott officers, directors (including employees with the term "director" in their title), and managers, that are sufficient to show and accurately reflect all costs and expenses of Kaletra, including the Lopinavir compound, that are sunk, fixed and/or to which Abbott is pre-committed such that the costs or expenses could not be saved or avoided by shutting down operations and no longer selling Kaletra in the United States.

**DOCUMENT REQUEST NO. 6**

Documents, including Summary Documents prepared for and/or used by Abbott officers, directors (including employees with the term "director" in their title), and managers, that are sufficient to show all of Abbott's costs and expenses relating to Lopinavir, including the production, promotion, marketing, advertising, sale, and delivery of Lopinavir.

**DOCUMENT REQUEST NO. 7**

Documents, including Summary Documents prepared for and/or used by Abbott officers, directors (including employees with the term "director" in their title), and managers, that are sufficient to show and accurately reflect all of Abbott's costs and expenses relating to research and development for Kaletra and/or Lopinavir that accrued after Abbott started to sell Kaletra in the United States (*i.e.*, "continuing R&D").

EXHIBIT 2
PAGE 8 OF 12

|   |   |
|---|---|
| 1 |   |
| 2 | Dated: May 2, 2008 |
| 3 | By: /s/ Andrew E. Aubertine |
| 4 | Andrew E. Aubertine, *Pro Hac Vice* |
| 5 | AUBERTINE DRAPER ROSE, LLP<br>aa@adr-portland.com |
| 6 | 1211 SW Sixth Avenue<br>Portland, Oregon 97204 |
| 7 | Telephone:    (503) 221-4570<br>Facsimile:     (503) 221-4590 |
| 8 |   |
| 9 |   |
| 10 | KAPLAN FOX & KILSHEIMER LLP |
| 11 | Robert N. Kaplan, *Pro Hac Vice*<br>Linda P. Nussbaum, *Pro Hac Vice* |
| 12 | John Radice, *Pro Hac Vice*<br>850 Third Avenue, 14th Floor |
| 13 | New York, NY 10022<br>Telephone:    (212) 687-1980 |
| 14 | Facsimile:     (212) 687-7714<br>Email: rkaplan@kaplanfox.com |
| 15 |            lnussbaum@kaplanfox.com<br>           jradice@kaplanfox.com |
|    | *Counsel for Meijer, Inc. & Meijer Distribution, Inc.* |
| 16 | BERGER & MONTAGUE, P.C. |
| 17 | Daniel Berger<br>*danberger@bm.net* |
| 18 | Eric L. Cramer, *Pro Hac Vice*<br>*ecramer@bm.net* |
| 19 | David F. Sorensen<br>*dsorensen@bm.net* |
| 20 | 1622 Locust Street<br>Philadelphia, PA 19103 |
| 21 | Telephone:    (215) 875-3000<br>Facsimile:     (215) 875-4604 |
| 22 | *Counsel for Rochester Drug Cooperative, Inc.* |
| 23 | GARWIN GERSTEIN & FISHER, LLP<br>Bruce E. Gerstein, *Pro Hac Vice* |
| 24 | bgerstein@garwingerstein.com<br>Noah H. Silverman, *Pro Hac Vice* |
| 25 | nsilverman@garwingerstein.com<br>1501 Broadway, Suite 1416 |
| 26 | New York, New York 10036<br>Tel: (212) 398-0055 |
| 27 | Fax: (212) 764-6620<br>*Counsel for Louisiana Wholesale Drug Co., Inc.* |
| 28 |   |

EXHIBIT 2
PAGE 9 OF 12

[C-07-6118 CW, C-07-6010 CW, C-07-5985 CW] PLAINTIFFS FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO ABBOTT LABORATORIES                              - 8 -

|    |    |
|----|----|
| 1  | *Additional Counsel for Plaintiffs* |
| 2  | ODOM & DES ROCHES, LLP |
|    | John Gregory Odom, *Pro Hac Vice* |
| 3  | Stuart E. Des Roches, *Pro Hac Vice* |
|    | John Alden Meade, *Pro Hac Vice* |
| 4  | Andrew Kelly, *Pro Hac Vice* |
|    | Suite 2020, Poydras Center |
| 5  | 650 Poydras Street |
|    | New Orleans, LA 70130 |
| 6  | Tel: (504) 522-0077 |
|    | Fax: (504) 522-0078 |
| 7  | Email: greg@odrlaw.com |
|    |           stuart@odrlaw.com |
| 8  |           jmeade@odrlaw.com |
|    |           akelly@odrlaw.com |
| 9  |    |
|    | PERCY SMITH & FOOTE, LLP |
| 10 | David P. Smith, *Pro Hac Vice* |
|    | dpsmith@smithfoote.com |
| 11 | W. Ross Foote, *Pro Hac Vice* |
|    | rfoote@smithfoote.com |
| 12 | 720 Murray Street |
|    | P.O. Box 1632 |
| 13 | Alexandria, LA 71309 |
|    | Tel: (318) 445-4480 |
| 14 | Fax: (318) 487-1741 |
| 15 |    |
|    | KOZYAK TROPIN & THROCKMORTON |
| 16 | Tucker Ronzetti, *Pro Hac Vice* |
|    | Adam Moskowitz, *Pro Hac Vice* |
| 17 | 2800 Wachovia Financial Center |
|    | 200 South Biscayne Boulevard |
| 18 | Miami, Florida 33131-2335 |
|    | Telephone: (305) 372-1800 |
| 19 | Telecopier: (305) 372-3508 |
| 20 |    |
|    | LAW OFFICES OF JOSHUA P. DAVIS |
| 21 | Joshua P. Davis (State Bar No. 193254) |
|    | davisj@usfca.edu |
| 22 | 437A Valley Street |
|    | San Francisco, CA 94131 |
| 23 | Telephone:   (415) 422-6223 |
| 24 | VANEK, VICKERS & MASINI, P.C. |
|    | Joseph M. Vanek, *Pro Hac Vice* |
| 25 | David P. Germaine, *Pro Hac Vice* |
|    | 111 South Wacker Drive, Suite 4050 |
| 26 | Chicago, IL 60606 |
|    | Telephone:   (312) 224-1500 |
| 27 | Facsimile:    (312) 224-1510 |
|    | Emails: jvanek@vaneklaw.com |
| 28 |           dgermaine@vaneklaw.com |

EXHIBIT 2
PAGE 10 OF 12

[C-07-6118 CW, C-07-6010 CW, C-07-5985 CW] PLAINTIFFS FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO ABBOTT LABORATORIES                                    - 9 -

1
2            SPERLING & SLATER
             Paul E. Slater, *Pro Hac Vice*
3            55 West Monroe Street, Suite 3200
             Chicago, Illinois 60603
             Telephone:    (312) 641-3200
4            Facsimile:    (312) 641-6492
             Email: pes@sperling-law.com
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26                                                  EXHIBIT ___2___
27                                                  PAGE _11_ OF _12_
28

[C-07-6118 CW, C-07-6010 CW, C-07-5985 CW] PLAINTIFFS FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO ABBOTT LABORATORIES                          - 10 -

# CERTIFICATE OF SERVICE

I, Andrew E. Aubertine, declare that I am over the age of 18 years and not a party to this action. My business address is 1211 SW Sixth Avenue, Portland, Oregon. On May 2, 2008, I served and caused to have served a true and correct copy of the attached **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS ON ABBOTT LABORATORIES** on the following, by the methods of service listed herein. Service by mail was accomplished by placing same in sealed envelopes, affixing proper first class postage, and depositing them in the United States Mail at Portland, Oregon.

By Email and US Mail to:

James F. Hurst
*jhurst@winston.com*
David J. Doyle
*ddoyle@winston.com*
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

Charles B. Klein
*cklein@winston.com*
WINSTON & STRAWN LLP
1700 K Street, NW
Washington DC 20007

By Email & Hand Delivery (via Plaintiffs' local counsel) to:

Nicole M. Norris
*nmorris@winston.com*
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, California 94111-5894

**Counsel for Defendant Abbott Laboratories**

By Email and US Mail to:

Alexander Wiles
*awiles@irell.com*
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276

Kenneth A. Letzler
*Kenneth_letzler@aporter.com*
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington DC 20004-1206
**Counsel for Plaintiff GlaxoSmithKline**

Steve D. Shadowen
*sshadowen@hangley.com*
HANGLEY ARONCHICK SEGAL & PUDLIN
30 North Third Street, Suite 700
Harrisburg, PA 17101-1701
**Counsel for Plaintiffs Rite-Aide, et al**

Scott Eliot Perwin
*sperwin@kennynachwalter.com*
KENNY NACHWALTER, PA
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131
**Counsel for Plaintiffs Safeway, et al**

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct. Executed at Portland, Oregon on May 2, 2008.

*/s/ Andrew E. Aubertine*
Andrew E. Aubertine

EXHIBIT 2
PAGE 12 OF 12

[C-07-6118 CW] PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ABBOTT LABORATORIES

- 1 -