# EXHIBIT C

WINSTON & STRAWN LLP
Nicole M. Norris (SBN 222785)
James F. Hurst (*Admitted Pro Hac Vice*)
Charles B. Klein (*Admitted Pro Hac Vice*)
Samuel S. Park (*Admitted Pro Hac Vice*)
101 California Street, Suite 3900
San Francisco, CA 94111
Telephone Number:   415.591.1000
Facsimile Number:   415.591.1400
Email: spark@winston.com

Attorneys for Defendant
ABBOTT LABORATORIES

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MEIJER, INC. & MEIJER DISTRIBUTION, INC., ROCHESTER DRUG COOPERATIVE, and LOUISIANA WHOLESALE DRUG, on behalf of themselves and all others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>ABBOTT LABORATORIES<br><br>        Defendant. | **Case No. C 07-5985 CW**<br>**Case No. C 07-6010 CW**<br>**Case No. C 07-6118 CW**<br><br>**DEFENDANT ABBOTT LABORATORIES' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR INSPECTION AND PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS (Nos. 1-7)** |

Defendant Abbott Laboratories ("Abbott") hereby submits its Objections and Responses to Plaintiffs' First Requests for Inspection and Production of Documents and Tangible Things ("Document Requests").

## OBJECTIONS APPLICABLE TO ALL DOCUMENT REQUESTS

Each of these objections is applicable to each of Plaintiffs' Document Requests and is incorporated into each and every one of Abbott's responses as though fully set forth therein, and is in addition to any specific objections stated for a particular Document Request.

1. Abbott objects to Plaintiffs' definitions and instructions to the extent that they (1) change the common meaning of the English language with regard to any word or phrase, (2) alter the scope of discovery under the Federal Rules of Civil Procedure, and/or (3) define terms differently than such terms are defined under the Federal Rules of Civil Procedure and/or the common law. Abbott also objects to the definitions that Plaintiffs have provided for terms used in these Document Requests to the extent that they are over broad, argumentative, prejudicial, improper, incorrect, vague and/or ambiguous. Abbott's responses to these Document Requests do not constitute acquiescence or agreement with respect to any definitions or instructions proposed by Plaintiffs.

2. Abbott objects to the production of documents, things, and/or information that can be found in the public domain and, therefore, are equally accessible to Plaintiffs.

3. Abbott objects to Plaintiffs' Document Requests to the extent they seek documents not in Abbott's custody, possession or control. Abbott's responses to make available requested documents do not constitute representations that any such documents exist or are in the possession, custody, or control of Abbott.

4. Abbott objects to Plaintiffs' Document Requests on the grounds that certain requests seek documents and/or information protected by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges. Abbott will not provide privileged information or documents. Consistent with Federal Rule of Civil Procedure 26(b)(5), Abbott will identify the responsive documents and/or information for which it asserts a claim of privilege.

Defendant Abbott Laboratories' Objections and Responses to Plaintiffs'
First Requests for Inspection and Production of Documents and Tangible Things

Page 2 of 10

5.  Abbott objects to Plaintiffs' Document Requests on the grounds that they seek documents that are unreasonably cumulative or duplicative of other requests, or are obtainable from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(i).

6.  Abbott objects to Plaintiffs' Document Requests to the extent that they seek documents and information for which the burden or expense of production outweighs its likely benefit in resolving the issues of this action. Fed. R. Civ. P. 26(b)(2)(iii).

7.  Abbott objects to Plaintiffs' Document Requests to the extent that they seek documents and information that is protected by a confidentiality agreement or another Court's Protective Order.

8.  Abbott objects to Plaintiffs' Document Requests to the extent they seek all documents without any time limitation.

9.  Abbott reserves the right to specifically object to any of the Document Requests if, during the course of its review of relevant material, it becomes clear that such requests are unduly burdensome. Abbott will notify Plaintiffs' counsel in that event.

10. Abbott objects to Plaintiffs' Document Requests to the extent they purport to require Abbott to search for and locate "all" documents. Consistent with its obligations under the Federal Rules and subject to its general and specific objections, Abbott will produce any responsive non-privileged documents within its possession, control, or custody that are located after a reasonable search.

11. Abbott objects to Plaintiffs' Document Requests to the extent they call for production of documents already in Plaintiffs' possession, control, or custody.

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

Defendant Abbott Laboratories' Objections and Responses to Plaintiffs'
First Requests for Inspection and Production of Documents and Tangible Things

Page 3 of 10

## RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:** **Documents, including Summary Documents prepared for and/or used by Abbott officers, directors (including employees with the term "director" in their title), and managers, that are sufficient to show all costs and expenses relating to Norvir that vary from year to year, including, e.g., those costs and expenses that vary as the unit sales of Norvir go up or down and/or those costs and expenses that would be eliminated if Abbott were to stop selling Norvir in the United States.**

**RESPONSE:** In addition to its general objections, Abbott objects to this request as overly broad and unduly burdensome. Abbott also objects to the extent that this request seeks information protected by the attorney-client privilege and/or the work product doctrine. Abbott also objects on the ground that this request is not relevant to any claim or defense under Fed. R. Civ. P. 26(b)(1) because the Court has concluded, at Plaintiffs' urging, that the *Cascade* average-variable-cost rule "does not apply in the context of the particular antitrust theory asserted against Abbott" because "[t]he present cases are not concerned with the potential exclusion of equally efficient manufacturers of lopinavir." Order Denying Abbott's Motion to Dismiss at 16-17 (No. 07-5985 CW, Apr. 11, 2008); Order Denying Abbott's Motions for Leave to File Supplemental Brief and For Leave to File Motion for Reconsideration at 2 (No. C 04-1511 CW, Apr. 28, 2008).

**DOCUMENT REQUEST NO. 2:** **Documents, including Summary Documents prepared for and/or used by Abbott officers, directors (including employees with the term "director" in their title), and managers, that are sufficient to show all costs and expenses of Kaletra that vary from year to year, including, e.g., those costs and expenses that vary as the unit sales of Kaletra go up or down and/or those costs and expenses that would be eliminated if Abbott were to stop selling Kaletra in the United States.**

**RESPONSE:** In addition to its general objections, Abbott objects to this request as overly broad and unduly burdensome. Abbott also objects to the extent that this request seeks information protected by the attorney-client privilege and/or the work product doctrine. Abbott also objects on the ground that this request is not relevant to any claim or defense under Fed. R. Civ. P. 26(b)(1)

Defendant Abbott Laboratories' Objections and Responses to Plaintiffs'
First Requests for Inspection and Production of Documents and Tangible Things

Page 4 of 10

because the Court has concluded, at Plaintiffs' urging, that the *Cascade* average-variable-cost rule "does not apply in the context of the particular antitrust theory asserted against Abbott" because "[t]he present cases are not concerned with the potential exclusion of equally efficient manufacturers of lopinavir."  Order Denying Abbott's Motion to Dismiss at 16-17 (No. 07-5985 CW, Apr. 11, 2008); Order Denying Abbott's Motions for Leave to File Supplemental Brief and For Leave to File Motion for Reconsideration at 2 (No. C 04-1511 CW, Apr. 28, 2008).

**DOCUMENT REQUEST NO. 3: Documents, including Summary Documents prepared for and/or used by Abbott officers, directors (including employees with the term "director" in their title), and managers, that are sufficient to show all costs and expenses of Lopinavir that vary from year to year, including, e.g., those costs and expenses that vary as the unit sales of Kaletra go up or down and/or those costs and expenses that would be eliminated if Abbott were to stop selling Kaletra in the United States.**

**RESPONSE:** In addition to its general objections, Abbott objects to this request as overly broad and unduly burdensome.  Abbott also objects to the extent that this request seeks information protected by the attorney-client privilege and/or the work product doctrine.  Abbott also objects on the ground that this request is not relevant to any claim or defense under Fed. R. Civ. P. 26(b)(1) because the Court has concluded, at Plaintiffs' urging, that the *Cascade* average-variable-cost rule "does not apply in the context of the particular antitrust theory asserted against Abbott" because "[t]he present cases are not concerned with the potential exclusion of equally efficient manufacturers of lopinavir."  Order Denying Abbott's Motion to Dismiss at 16-17 (No. 07-5985 CW, Apr. 11, 2008); Order Denying Abbott's Motions for Leave to File Supplemental Brief and For Leave to File Motion for Reconsideration at 2 (No. C 04-1511 CW, Apr. 28, 2008).

**DOCUMENT REQUEST NO. 4: Documents, including Summary Documents prepared for and/or used by Abbott officers, directors (including employees with the term "director" in their title), and managers, that are sufficient to show all costs and expenses of Norvir that are sunk, fixed and/or to which Abbott is pre-committed such that the costs or**

Defendant Abbott Laboratories' Objections and Responses to Plaintiffs'
First Requests for Inspection and Production of Documents and Tangible Things

Page 5 of 10

1 **expenses could not be saved or avoided by shutting down operations and no longer selling**
2 **Norvir in the United States.**

3     **RESPONSE:** In addition to its general objections, Abbott objects to this request as overly
4 broad and unduly burdensome. Abbott also objects to the extent that this request seeks information
5 protected by the attorney-client privilege and/or the work product doctrine. Abbott also objects on
6 the ground that this request is not relevant to any claim or defense under Fed. R. Civ. P. 26(b)(1)
7 because the Court has concluded, at Plaintiffs' urging, that the *Cascade* average-variable-cost rule
8 "does not apply in the context of the particular antitrust theory asserted against Abbott" because
9 "[t]he present cases are not concerned with the potential exclusion of equally efficient manufacturers
10 of lopinavir." Order Denying Abbott's Motion to Dismiss at 16-17 (No. 07-5985 CW, Apr. 11,
11 2008); Order Denying Abbott's Motions for Leave to File Supplemental Brief and For Leave to File
12 Motion for Reconsideration at 2 (No. C 04-1511 CW, Apr. 28, 2008).

13     **DOCUMENT REQUEST NO. 5: Documents, including Summary Documents**
14 **prepared for and/or used by Abbott officers, directors (including employees with the term**
15 **"director" in their title), and managers, that are sufficient to show and accurately reflect all**
16 **costs and expenses of Kaletra, including the Lopinavir compound, that are sunk, fixed and/or**
17 **to which Abbott is pre-committed such that the costs or expenses could not be saved or avoided**
18 **by shutting down operations and no longer selling Kaletra in the United States.**

19     **RESPONSE:** In addition to its general objections, Abbott objects to this request as overly
20 broad and unduly burdensome. Abbott also objects to the extent that this request seeks information
21 protected by the attorney-client privilege and/or the work product doctrine. Abbott also objects on
22 the ground that this request is not relevant to any claim or defense under Fed. R. Civ. P. 26(b)(1)
23 because the Court has concluded, at Plaintiffs' urging, that the *Cascade* average-variable-cost rule
24 "does not apply in the context of the particular antitrust theory asserted against Abbott" because
25 "[t]he present cases are not concerned with the potential exclusion of equally efficient manufacturers
26 of lopinavir." Order Denying Abbott's Motion to Dismiss at 16-17 (No. 07-5985 CW, Apr. 11,

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

Defendant Abbott Laboratories' Objections and Responses to Plaintiffs'
First Requests for Inspection and Production of Documents and Tangible Things

Page 6 of 10

2008); Order Denying Abbott's Motions for Leave to File Supplemental Brief and For Leave to File Motion for Reconsideration at 2 (No. C 04-1511 CW, Apr. 28, 2008).

**DOCUMENT REQUEST NO. 6: Documents, including Summary Documents prepared for and/or used by Abbott officers, directors (including employees with the term "director" in their title), and managers, that are sufficient to show all of Abbott's costs and expenses relating to Lopinavir, including the production, promotion, marketing, advertising, sale, and delivery of Lopinavir.**

**RESPONSE:** In addition to its general objections, Abbott objects to this request as overly broad and unduly burdensome. Abbott also objects to the extent that this request seeks information protected by the attorney-client privilege and/or the work product doctrine. Abbott also objects on the ground that this request is not relevant to any claim or defense under Fed. R. Civ. P. 26(b)(1) because the Court has concluded, at Plaintiffs' urging, that the *Cascade* average-variable-cost rule "does not apply in the context of the particular antitrust theory asserted against Abbott" because "[t]he present cases are not concerned with the potential exclusion of equally efficient manufacturers of lopinavir." Order Denying Abbott's Motion to Dismiss at 16-17 (No. 07-5985 CW, Apr. 11, 2008); Order Denying Abbott's Motions for Leave to File Supplemental Brief and For Leave to File Motion for Reconsideration at 2 (No. C 04-1511 CW, Apr. 28, 2008).

**DOCUMENT REQUEST NO. 7: Documents, including Summary Documents prepared for and/or used by Abbott officers, directors (including employees with the term "director" in their title), and managers, that are sufficient to show and accurately reflect all of Abbott's costs and expenses relating to research and development for Kaletra and/or Lopinavir that accrued after Abbott started to sell Kaletra in the United States (i.e., "continuing R&D").**

**RESPONSE:** In addition to its general objections, Abbott objects to this request as overly broad and unduly burdensome. Abbott also objects to the extent that this request seeks information protected by the attorney-client privilege and/or the work product doctrine. Abbott also objects on the ground that this request is not relevant to any claim or defense under Fed. R. Civ. P. 26(b)(1)

Defendant Abbott Laboratories' Objections and Responses to Plaintiffs'
First Requests for Inspection and Production of Documents and Tangible Things

Page 7 of 10

1  because the Court has concluded, at Plaintiffs' urging, that the *Cascade* average-variable-cost rule
2  "does not apply in the context of the particular antitrust theory asserted against Abbott" because
3  "[t]he present cases are <u>not</u> concerned with the potential exclusion of equally efficient <u>manufacturers</u>
4  of lopinavir."  Order Denying Abbott's Motion to Dismiss at 16-17 (No. 07-5985 CW, Apr. 11,
5  2008); Order Denying Abbott's Motions for Leave to File Supplemental Brief and For Leave to File
6  Motion for Reconsideration at 2 (No. C 04-1511 CW, Apr. 28, 2008).

8  Dated:  June 2, 2008                            WINSTON & STRAWN LLP

                                                   By:   /s/ Charles B. Klein
                                                         Charles B. Klein
                                                         Attorney for Defendant
                                                         ABBOTT LABORATORIES

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

Defendant Abbott Laboratories' Objections and Responses to Plaintiffs'
First Requests for Inspection and Production of Documents and Tangible Things

Page 8 of 10

**CERTIFICATE OF SERVICE**

I, Cindy N. Paulus, hereby declare:

I am over the age of 18 years and not a party to or interested in the within entitled cause. I am an employee of Winston & Strawn LLP and my business address is 101 California Street, San Francisco, California 94111. On the date stated below, I served a true copy of:

**DEFENDANT ABBOTT LABORATORIES' AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR INSPECTION AND PRODCUTION OF DOCUMENTS AND TANGIBLE THINGS (Nos. 1-37)**

☒  by first class mail. I am familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. The document(s) was (were) placed for deposit in the United States Postal Service in a sealed envelope(s), with postage fully prepaid, addressed as set forth on the attached service list.

☐  by facsimile transmission to the parties and facsimile number(s) set forth on the attached service list.

☐  by overnight delivery by enclosing a true and correct copy of said document(s) in a Federal Express envelope(s) addressed as set forth on the attached service list. The envelope(s) was (were) sealed and deposited with Federal Express that same day in the ordinary course of business at San Francisco, California.

☐  by its agent to the person(s) at the address(es) set forth on the attached service list.

☐  by personally delivering the document(s) to the person(s) at the address(es) set forth on the attached service list.

To:

| | |
|---|---|
| Andrew E. Aubertine, *Pro Hac Vice* | Robert N. Kaplan, *Pro Hac Vice* |
| AUBERTINE DRAPER ROSE, LLP | Linda P. Nussbaum, *Pro Hac Vice* |
| aa@adr-portland.com | John Radice, *Pro Hac Vice* |
| 1211 SW Sixth Avenue | 850 Third Avenue, 14th Floor |
| Portland, Oregon 97204 | New York, NY 10022 |
| Telephone: (503) 221-4570 | Telephone: (212) 687-1980 |
| Facsimile: (503) 221-4590 | Facsimile: (212) 687-7714 |
| | |
| Daniel Berger | Bruce E. Gerstein |
| BERGER & MONTAGUE, P.C. | GARWIN GERSTEIN & FISHER, LLP |
| 1622 Locust Street | 1501 Broadway, Suite 1416 |
| Philadelphia, PA 19103 | New York, New York 10036 |
| Telephone: (215) 875-3000 | Tel: (212) 398-0055 |
| Facsimile: (215) 875-4604 | Fax: (212) 764-6620 |
| | |
| John Gregory Odom | David P. Smith |
| ODOM & DES ROCHES, LLP | PERCY SMITH & FOOTE, LLP |
| Suite 2020, Poydras Center | 720 Murray Street |
| 650 Poydras Street | P.O. Box 1632 |

Defendant Abbott Laboratories' Objections and Responses to Plaintiffs'
First Requests for Inspection and Production of Documents and Tangible Things

Page 9 of 10

| | |
|---|---|
| New Orleans, LA 70130 | Alexandria, LA 71309 |
| Tel: (504) 522-0077 | Tel: (318) 445-4480 |
| Fax: (504) 522-0078 | Fax: (318) 487-1741 |
| | |
| Tucker Ronzetti | Joshua P. Davis |
| KOZYAK TROPIN & THROCKMORTON | LAW OFFICES OF JOSHUA P. DAVIS |
| 2800 Wachovia Financial Center | 437A Valley Street |
| 200 South Biscayne Boulevard | San Francisco, CA 94131 |
| Miami, Florida 33131-2335 | Tel: (415) 422-6223 |
| Tel: (305) 372-1800 | |
| Fax: (305) 372-3508 | |
| | |
| Joseph M. Vanek | Paul E. Slater |
| VANEK, VICKERS & MASINI, P.C. | SPERLING & SLATER |
| 111 South Wacker Drive, Suite 4050 | 55 West Monroe Street, Suite 3200 |
| Chicago, IL 60606 | Chicago, Illinois 60603 |
| Tel: (312) 224-1500 | Tel: (312) 641-3200 |
| Fax: (312) 224-1510 | Fax: (312) 641-6492 |

I declare under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed at San Francisco, California on June 2, 2008.

/s/ Cindy N. Paulus

Defendant Abbott Laboratories' Objections and Responses to Plaintiffs'
First Requests for Inspection and Production of Documents and Tangible Things

Page 10 of 10