# EXHIBIT D



1  Joseph R. Saveri (SBN 130064)
   *jsaveri@lchb.com*
2  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   Embarcadero Center West
3  275 Battery Street, 30th Floor
   San Francisco, CA  94111-3339
4  Telephone:  (415) 956-1000
   Facsimile:   (415) 956-1008
5
   *Attorneys for Plaintiff*
6  *Rochester Drug Co-Operative, Inc.*

7  Charles M. Kagay (SBN 73377)
   cmk@slksf.com
8  SPIEGEL LIAO & KAGAY LLP
   388 Market Street, Suite 900
9  San Francisco, California 94111
   Telephone:      (415) 956-5959
10 Facsimile:      (415) 962-1431

11 *Attorneys for Plaintiff*
   *Louisiana Wholesale Drug Co, Inc.*
12
   Laurence D. King (SBN 206423)
13 *lking@kaplanfox.com*
   KAPLAN FOX & KILSHEIMER LLP
14 350 Sansome Street, Suite 400
   San Francisco, CA 94104
15 Telephone:      (415) 772-4700
   Facsimile:      (415) 772-4707
16 *Attorney for Plaintiff Meijer, Inc*
   *and Meijer Distribution, Inc.*
17
   [Additional Counsel Appear on Signature Page]
18
19          **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT OF CALIFORNIA**
20                **OAKLAND DIVISION**

21 MEIJER, INC. & MEIJER DISTRIBUTION,      )   Case No. C 07-5985 CW
   INC., ROCHESTER DRUG CO-                 )   Case No. C 07-6010 CW
22 OPERATIVE, INC., and LOUISIANA           )   Case No. C 07-6118 CW
   WHOLESALE DRUG COMPANY, INC., on         )
23 behalf of themselves and all others similarly )
   situated,                                )   **NOTICE OF VIDEO TAPED DEPOSITION**
24                                          )   **OF DEFENDANT ABBOTT**
                    Plaintiffs,             )   **LABORATORIES**
25                                          )
   v.                                       )   **FED. R. CIV. P. 26 and 30(b)(6)**
26                                          )
   ABBOTT LABORATORIES,                     )
27 Defendant.                               )   **The Honorable Claudia Wilken**

28
                                                        EXHIBIT    1
                                                        PAGE  1  OF  26

   [C-07-6118 CW, C-07-6010 CW, C-07-5985 CW] NOTICE OF DEPOSITION OF
   DEFENDANT ABBOTT LABORATORIES - FED. R. CIV. P. 26 & 30(b)(6)

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Meijer, Inc. & Meijer Distribution, Inc, Rochester Drug Co-Operative , Inc., and Louisiana Wholesale Drug Company, Inc., on behalf of themselves and all others similarly situated, (collectively, "Plaintiffs"), will take the videotaped deposition of Defendant Abbott Laboratories ("Abbott") on June 11, 2008 concerning topics listed in Exhibit A and the topics and documents identified in Exhibit B (both exhibits which are attached hereto and incorporated herein), at the law offices of:

WINSTON & STRAWN
35 W. Wacker Drive
Chicago, IL 60601-9703

The deposition(s) will begin at 9:00 a.m. and continue from day to day until completed. All counsel are invited to attend and cross-examine. The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will be videotaped and recorded and transcribed by a court reporter.

Pursuant to Fed. R. Civ. P. 30(b)(6), Abbott shall designate and produce a representative or representatives, as may be required, to testify concerning the Topics of Examination identified in Exhibit A and the topics and documents identified in Exhibit B.

Dated:  May 2, 2008

By: _____

Andrew E. Aubertine, *Pro Hac Vice*
AUBERTINE DRAPER ROSE, LLP
aa@adr-portland.com
1211 SW Sixth Avenue
Portland, Oregon 97204
Telephone:    (503) 221-4570
Facsimile:    (503) 221-4590
*Counsel for Plaintiff Louisiana Wholesale Drug Company, Inc.*

EXHIBIT 1
PAGE 2 OF 26

[C-07-6118 CW C-07-6010 CW, C-07-5985 CW] NOTICE OF DEPOSITION OF
DEFENDANT ABBOTT LABORATORIES - FED. R. CIV. P. 26 & 30(b)(6)          - 1 -

1

2      KAPLAN FOX & KILSHEIMER LLP
       Robert N. Kaplan, *Pro Hac Vice*
3      Linda P. Nussbaum, *Pro Hac Vice*
       John Radice, *Pro Hac Vice*
4      850 Third Avenue, 14th Floor
       New York, NY 10022
5      Telephone:    (212) 687-1980
       Facsimile:    (212) 687-7714
6      Email: rkaplan@kaplanfox.com
                  lnussbaum@kaplanfox.com
7                  jradice@kaplanfox.com

8      *Counsel for Meijer, Inc.& Meijer Distribution, Inc.*

9      BERGER & MONTAGUE, P.C.
       Daniel Berger
10     *danberger@bm.net*
       Eric L. Cramer, *Pro Hac Vice*
11     *ecramer@bm.net*
       1622 Locust Street
12     Philadelphia, PA 19103
       Telephone:    (215) 875-3000
13     Facsimile:    (215) 875-4604

14     *Counsel for Rochester Drug Cooperative, Inc.*

15     GARWIN GERSTEIN & FISHER, LLP
       Bruce E. Gerstein, *Pro Hac Vice*
16     Noah H. Silverman, *Pro Hac Vice*
       1501 Broadway, Suite 1416
17     New York, New York 10036
       Tel: (212) 398-0055
18     Fax: (212) 764-6620

19     *Counsel for Louisiana Wholesale Drug Co., Inc.*

20     *Additional Counsel for Plaintiffs*

21     ODOM & DES ROCHES, LLP
       John Gregory Odom, *Pro Hac Vice*
22     Stuart E. Des Roches, *Pro Hac Vice*
       John Alden Meade, *Pro Hac Vice*
23     Andrew Kelly, *Pro Hac Vice*
       Suite 2020, Poydras Center
24     650 Poydras Street
       New Orleans, LA 70130
25     Tel: (504) 522-0077
       Fax: (504) 522-0078

26

27     **EXHIBIT** ___1___

28     **PAGE** _3_ **OF** _26_

[C-07-6118 CW C-07-6010 CW, C-07-5985 CW] NOTICE OF DEPOSITION OF
DEFENDANT ABBOTT LABORATORIES - FED. R. CIV. P. 26 & 30(b)(6)          - 2 -

PERCY SMITH & FOOTE, LLP
David P. Smith, *Pro Hac Vice*
dpsmith@smithfoote.com
W. Ross Foote, *Pro Hac Vice*
rfoote@smithfoote.com
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309
Tel: (318) 445-4480
Fax: (318) 487-1741

KOZYAK TROPIN & THROCKMORTON
Tucker Ronzetti, *Pro Hac Vice*
Adam Moskowitz, *Pro Hac Vice*
2800 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2335
Telephone: (305) 372-1800

LAW OFFICES OF JOSHUA P. DAVIS
Joshua P. Davis (State Bar No. 193254)
davisj@usfca.edu
437A Valley Street
San Francisco, CA 94131
Telephone:    (415) 422-6223

VANEK, VICKERS & MASINI, P.C.
Joseph M. Vanek, *Pro Hac Vice*
David P. Germaine, *Pro Hac Vice*
111 South Wacker Drive, Suite 4050
Chicago, IL 60606
Telephone:    (312) 224-1500
Facsimile:    (312) 224-1510
Emails:jvanek@vaneklaw.com
          dgermaine@vaneklaw.com

SPERLING & SLATER
Paul E. Slater, *Pro Hac Vice*
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Telephone:    (312) 641-3200
Facsimile:    (312) 641-6492
Email: pes@sperling-law.com

EXHIBIT ___1___
PAGE _4_ OF _26_

[C-07-6118 CW C-07-6010 CW, C-07-5985 CW] NOTICE OF DEPOSITION OF
DEFENDANT ABBOTT LABORATORIES - FED. R. CIV. P. 26 & 30(b)(6)        - 3 -

**EXHIBIT A**

I.    **TOPICS FOR EXAMINATION**

Plaintiffs seek to depose Abbott about the following topics:

1.    All costs and expenses of Norvir that vary from year to year, including, *e.g.*, those costs and expenses that vary as the unit sales of Norvir go up or down and/or those costs and expenses that would be eliminated if Abbott were to stop selling Norvir in the United States.

2.    All costs and expenses of Kaletra that vary from year to year, including, *e.g.*, those costs and expenses that vary as the unit sales of Kaletra go up or down and/or those costs and expenses that would be eliminated if Abbott were to stop Kaletra in the United States.

3.    All costs and expenses of Lopinavir that vary from year to year, including, *e.g.*, those costs and expenses that vary as the unit sales of Kaletra go up or down and/or those costs and expenses that would be eliminated if Abbott were to stop selling Kaletra in the United States.

4.    All costs and expenses of Norvir that are sunk, fixed and/or to which Abbott is pre-committed such that the costs or expenses could not be saved or avoided by shutting down operations and no longer selling Norvir in the United States.

5.    All costs and expenses of Kaletra, including the Lopinavir compound, that are sunk, fixed and/or to which Abbott is pre-committed such that the costs or expenses could not be saved or avoided by shutting down operations and no longer selling Kaletra in the United States.

6.    All costs and expenses of Lopinavir, including, *e.g.*, those costs and expenses relating to the manufacturing, production, promotion,

**EXHIBIT** 1

[C-07-6118 CW C-07-6010 CW, C-07-5985 CW] NOTICE OF DEPOSITION OF
DEFENDANT ABBOTT LABORATORIES - FED. R. CIV. P. 26 & 30(b)(6)

PAGE 5 OF 26

- 4 -

marketing, advertising, detailing, sale, and delivery.

7.     All costs and expenses relating to research and development for Kaletra and/or Lopinavir that accrued after Abbott started to sell Kaletra in the United States (*i.e.*, "continuing R&D").

8.     The price of Norvir, including but not limited to, Average Wholesale Price ("AWP"), Wholesale Acquisition Cost ("WAC"), the price per daily dosage, and any adjustments to prices based on chargebacks, rebates, credits or other adjustments, including the net price of Norvir before and after December 2003.

9.     The price of Kaletra, including but not limited to, Average Wholesale Price ("AWP"), Wholesale Acquisition Cost ("WAC"), the price per daily dosage, and any adjustments to prices based on chargebacks, rebates, credits or other adjustments, including the net price of Kaletra before and after December 2003.

10.    Documents relating to one or more of the topics identified at Nos. 1 through 9, including the following:

NOR 00041489
NOR 00062652-670
NOR 00044302-303
NOR 00025140
NOR 00016758-759
NOR 00005866-884
NOR 00026270
NOR 00031052.

11.    Documents that have been requested pursuant to Plaintiffs' First Request for Production of Documents to Abbott Laboratories, Exhibit B to this Notice, and the topics identified therein.

EXHIBIT 1
PAGE 6 OF 26

12.    The full name and address, including the "ship-to" and "bill-to" address, of each entity purchasing Norvir and/or Kaletra that are manufactured and/or sold by Abbott.

13.    Abbott's business records concerning Norvir and/or Kaletra, including the electronic sales databases that have been or will be produced in this litigation, and, as to each such database, the following:

A. the meaning of, function of, nature of, and relationship between, all fields and the values contained therein;

B. whether the database can be used to determine the sales of Norvir and/or Kaletra that are manufactured and/or sold by Abbott in dollars and units for each dosage form, package size, strength, NDC code, and SKU, and if so, how;

C. whether the database can be used to determine chargebacks, discounts, off-invoice rebates, credits, allowances, returns, free samples and any other adjustment to price and units for each dosage form, strength, and package size of Norvir and/or Kaletra that are manufactured and/or sold by Abbott and, if so, how;

D. whether the database can be used to determine the net transaction prices and/or net units sold (net of rebates, chargebacks, credits, allowances, returns, free samples and any other adjustment to price or units) for each dosage form, package size, and strength of Norvir and/or Kaletra that are manufactured and/or sold by Abbott and, if so, how;

EXHIBIT __1__
PAGE _7_ OF _26_

[C-07-6118 CW C-07-6010 CW, C-07-5985 CW] NOTICE OF DEPOSITION OF
DEFENDANT ABBOTT LABORATORIES - FED. R. CIV. P. 26 & 30(b)(6)

- 6 -

E.  whether the database can be used to identify the full name and address of each person or entity purchasing Norvir and/or Kaletra that are manufactured and/or sold by Abbott;

F.  whether the database can be used to identify the full name and address of any parent company if the database or documents identify a subsidiary, corporate affiliate, division, satellite office, or warehouse of such person, and, if so, how;

G.  whether the database can be used to identify the name and address of the entity that is billed for the sale of Norvir and/or Kaletra (the "bill-to-customer") and, in addition, the full name and address of any parent company (if the database or documents identify a subsidiary, corporate affiliate, division satellite office, or warehouse of such person), and, if so, how;

H.  whether the database can be used to identify the name and address of the person that is shipped Norvir and/or Kaletra that are manufactured and/or sold by Abbott (the "ship-to-customer") and, in addition, the full name and address of the parent company (if the database or documents identify a subsidiary, corporate affiliate, division, satellite office, or warehouse of such person), and, if so, how;

I.  whether the database can be used to identify all sales of Norvir and/or Kaletra that are manufactured and/or sold by Abbott to some or all of the following classes of trade and if so, how:

(1)   Wholesalers;

(2)   Warehousing Chains;

EXHIBIT 1
PAGE 8 OF 26

[C-07-6118 CW C-07-6010 CW, C-07-5985 CW] NOTICE OF DEPOSITION OF
DEFENDANT ABBOTT LABORATORIES - FED. R. CIV. P. 26 & 30(b)(6)

- 7 -

(3)    Non-Warehousing Chains;

(4)    Long Term Care Providers;

(5)    Health Maintenance Organizations;

(6)    Mail Order Pharmacies;

(7)    Federal and State Veterans Administration and Veterans Hospitals;

(8)    Military Installations;

(9)    End payors;

(10)    Clinics;

(11)    Distributors;

(12)    Food Chains;

(13)    Non-Federal Hospitals;

(14)    Independent Pharmacies;

(15)    Mass Market Retailers; and

J.    whether the database can be used to determine, for each package size of Norvir and/or Kaletra:

(1)    the gross revenue of Norvir and/or Kaletra;

(2)    the gross number of units sold of Norvir and/or Kaletra;

(3)    number of units of Norvir and/or Kaletra;

(4)    number of units of Norvir and/or Kaletra sold net of free samples;

EXHIBIT ___1___

PAGE __9__ OF __26__

[C-07-6118 CW C-07-6010 CW, C-07-5985 CW] NOTICE OF DEPOSITION OF
DEFENDANT ABBOTT LABORATORIES - FED. R. CIV. P. 26 & 30(b)(6)    - 8 -

(5)    net revenue received (after rebates, chargebacks, credits, allowances, returns, free samples and any other adjustment to price or units).

14.    Projected or actual effects and/or impact of Abbott's December 2003 price increase for the price of Norvir on: (a) direct or WAC price; (b) contract price to any customer or class of trade; and/or (c) discounts and/or rebates to any customer (whether direct or contract) or class of trade;

15.    Manuals, matrices, policies, guidelines and/or formulas developed to calculate, figure, or otherwise determine price and/or adjustments to the price (or quantity) of Norvir and/or Kaletra for each customer, class of trade, market segment, and/or subgroup thereof.

16.    Contracts for the sale of Norvir and/or Kaletra that, in whole or in part (a) generate chargebacks, (b) provide for an entity other than Abbott to ship and/or sell Norvir and/or Kaletra to a contracting party, and/or (c) provide for an entity to purchase directly from Abbott.

17.    Process(es), method(s), strategies, and/or procedures that you proposed, considered or used for setting or establishing the prices (whether direct or contract, and including rebates, discounts, and/or chargebacks) for Norvir and/or Kaletra.

18.    Actual and forecasted effects of Abbott's December 2003 price increase for the price of Norvir on the unit and dollar sales and market share of (a) Norvir and/or Kaletra; (b) drugs prescribed and taken for the same uses as Norvir and/or Kaletra.

EXHIBIT  1
PAGE 10  OF  26

## II. INSTRUCTIONS

A.    The relevant time period is January 1, 2001 to the present (relevant time period). Questions presented to Abbott's designated representative(s) on the topics identified above will relate to the relevant time period or parts thereof.

B.    If You claim any ambiguity in interpreting a Definition, the topics and/or description of the documents identified herein or at Exhibit B, such claim(s) shall not be a basis for refusing to designate and tender the representative for examination. Such claim(s) shall promptly be brought to the party issuing the request and clarified and resolved by meet and confer. Unless otherwise instructed, Your contact person to discuss all concerns and objections is Andrew Aubertine, attorney for Louisiana Wholesale Drug, contact information identified herein, and his designees.

## III.    DEFINITIONS

A.    "You" or "Your" refers to Defendant Abbott Laboratories that is subject to this Notice, its former or current employees, officers, directors, representatives, agents or other persons acting or purporting to act on its behalf or at its direction, including, without limitation, attorneys and accountants, and any division, subdivision, predecessor, parent, subsidiary or affiliated corporations or entities.

B.    "Relate to" and "Relating to" means addresses, analyzes, commenting on, concerning, constituting, discusses, identifies, includes, lists, mentions, recommending, references, refers and referring to, reflecting, setting forth, reports, states, and/or pertaining to or pertains to.

C.    The singular shall be deemed to include the plural and vice versa so as to bring within the scope of this notice all information that might otherwise be construed to be outside its scope.

D.    "And" and "or" shall be construed either conjunctively or disjunctively as required.

EXHIBIT   1

PAGE  11  OF  26

[C-07-6118 CW C-07-6010 CW, C-07-5985 CW] NOTICE OF DEPOSITION OF
DEFENDANT ABBOTT LABORATORIES - FED. R. CIV. P. 26 & 30(b)(6)          - 10 -

1      E      The definitions as set forth in Rule I-5 of the Local Rules of the United States District

2  Court for the Northern District of California are adopted and treated as if fully set forth herein.

3      I.      "Costs", "Expenses", "Cost Savings", "Revenue", and "Sales" are defined by

4  Kohler's Dictionary for Accountants and such definitions shall apply to the meaning of these terms

5  for purposes of this Notice of Deposition.

6      J.      "Norvir" refers to and shall mean the trade name for Ritonavir, a product

7  manufactured by Abbott, and references to Norvir include Norvir, Ritonavir, ABT-538, and any

8  analogues and formulations thereof.

9      K.      "Kaletra" refers to and shall mean the trade name for the Abbott product consisting of

10  Lopinavir and Ritonavir.

11      L.      "Liponavir" refers to and shall mean the chemical compound in Kaletra.

12      M.      All other words have their plain and ordinary meaning.

13

14

15                    **Rest of This Page Left Blank**

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __1__

PAGE 12 OF 26

[C-07-6118 CW C-07-6010 CW, C-07-5985 CW] NOTICE OF DEPOSITION OF
DEFENDANT ABBOTT LABORATORIES  - FED. R. CIV. P. 26 & 30(b)(6)          - 11 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT B

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO ABBOTT LABORATORIES

EXHIBIT ___1___
PAGE _13_ OF _26_

1  Joseph R. Saveri (SBN 130064)
   *jsaveri@lchb.com*
2  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   Embarcadero Center West
3  275 Battery Street, 30th Floor
   San Francisco, CA 94111-3339
4  Telephone:  (415) 956-1000
   Facsimile:   (415) 956-1008
5  *Attorneys forRochester Drug Co-Operative, Inc.*

6  Charles M. Kagay (SBN 73377)
   *cmk@slksf.com*
7  SPIEGEL LIAO & KAGAY LLP
   388 Market Street, Suite 900
8  San Francisco, California 94111
   Telephone:    (415) 956-5959
9  Facsimile:     (415) 962-1431
   *Attorneys for Plaintiff Louisiana Wholesale Drug Co, Inc.*
10
   Laurence D. King (SBN 206423)
11 *lking@kaplanfox.com*
   KAPLAN FOX & KILSHEIMER LLP
12 350 Sansome Street, Suite 400
   San Francisco, CA 94104
13 Telephone:    (415) 772-4700
   Facsimile:     (415) 772-4707
14 *Attorneys for Meijer, Inc & Meijer Distribution, Inc.*

15 [Additional Counsel Appear on Signature Page]

16

17              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
18                    **OAKLAND DIVISION**

19 _____
                                          )
20 MEIJER, INC. & MEIJER DISTRIBUTION,    )   Case No. C 07-5985 CW
   INC., ROCHESTER DRUG CO-              )   Case No. C 07-6010 CW
21 OPERATIVE, and LOUISIANA              )   Case No. C 07-6118 CW
   WHOLESALE DRUG, on behalf of          )
22 themselves and all others similarly situated, )
                                          )   **PLAINTIFFS' MEIJER, ROCHESTER**
23              Plaintiffs,               )   **DRUG AND LOUISIANA WHOLESALE**
                                          )   **DRUG FIRST REQUEST FOR**
24 v.                                     )   **PRODUCTION OF DOCUMENTS &**
                                          )   **THINGS TO DEFENDANT ABBOTT**
25 ABBOTT LABORATORIES,                   )   **LABORATORIES**
   Defendant.                            )
26                                        )   **The Honorable Claudia Wilken**
                                          )
27 _____)

   EXHIBIT  1                              EXHIBIT  B
28 PAGE  14  OF  26                        PAGE  1212

   [C-07-6118 CW, C-07-6010 CW, C-07-5985 CW] PLAINTIFFS' FIRST REQUEST FOR
   PRODUCTION OF DOCUMENTS TO ABBOTT LABORATORIES

1

2

| PROPOUNDING PARTY: | **Plaintiffs Meijer, Rochester Drug and Louisiana Wholesale Drug** |
|---|---|

3

| RESPONDING PARTY: | **Defendant Abbott Laboratories** |
|---|---|

4

| SET: | **First** |
|---|---|

5

6          Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Meijer, Inc. &

7   Meijer Distribution, Inc, Rochester Drug Co-Operative and Louisiana Wholesale Drug, on behalf of

8   themselves and all others similarly situated, (collectively, "Plaintiffs"), request that Defendant

9   Abbott Laboratories (Abbott) produce the documents below within 30 days after service of this

10  request and permit Plaintiffs to inspect and copy those documents which are in its possession,

11  custody and control.  Documents, information and things should be produced to the law offices of

    Garwin Gerstein & Fisher at 1501 Broadway, Suite 1416, New York, New York 10036.

12          These requests are continuing and require Abbott to provide supplemental responses in

13  accordance with the requirements of Fed. R. Civ. P. 26(e).

14                                    **I.      DEFINITIONS**

15          A.      All definitions and instructions as set forth in the Federal Rules of Civil Procedure 26

16  and 34 shall apply to all document requests herein.

17          B.      The definitions as set forth in Rule I-5 of the Local Rules of the United States District

18  Court for the Northern District of California are adopted and treated as if fully set forth herein.

19          C.      "Document" is defined to be synonymous in meaning and equal in scope to the usage

20  of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data

21  compilations

22          D.      "You", "Your" and "Abbott" refers to the Defendant, Abbott Laboratories, that is

23  subject to this Notice, its former or current employees, officers, directors, representatives, agents or

24  other persons acting or purporting to act on its behalf or at its direction, including, without limitation,

25  attorneys and accountants, and any division, subdivision, predecessor, parent, subsidiary or affiliated

26  corporations or entities.

27

28




EXHIBIT 1
PAGE 15 OF 26

[C-07-6118 CW, C-07-6010 CW, C-07-5985 CW] PLAINTIFFS FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO ABBOTT LABORATORIES                    - 1 -

1       E.     "Relate to" and "Relating to" means addresses, analyzes, commenting on, concerning,

2 constituting, discusses, identifies, includes, lists, mentions, recommending, references, refers and

3 referring to, reflecting, setting forth, reports, states, and/or pertaining to or pertains to.

4       F.     "Related Actions" means the following actions: *Smith Kline Beecham Corporation*

5 *dba GlaxoSmithKline v. Abbott Laboratories*, Case No. 07-5702(CW); *Safeway, Inc. et al v. Abbott*

6 *Laboratories,* Case No. 07-5470 (CW); *Rite Aide Corporation, et al v. Abbott Laboratories*, Case

7 No. 07-6120 (CW); and *In re Abbott Laboratories Antitrust Litigation*, Case No. 04.1511(CW), all

8 of which are in the Northern District of California and currently assigned to Judge Claudia Wilken.

9       G.     The singular shall be deemed to include the plural and vice versa so as to bring within

10 the scope of this notice all information that might otherwise be construed to be outside its scope.

11       H.     "Including" shall mean "including without limitation."

12       I.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to

13 bring within the scope of the discovery request all responses that might otherwise be construed to

14 be outside the scope of the request.

15       J.     "Norvir" refers to and shall mean the trade name for Ritonavir, a product

16 manufactured by Abbott, and references to Norvir include Norvir, Ritonavir, ABT-538, and any

17 analogues and formulations thereof.

18       K.     "Kaletra" refers to and shall mean the trade name for the Abbott product consisting of

19 Lopinavir and Ritonavir.

20       L.     "Liponavir" refers to and means the chemical compound that is in Kaletra.

21       M..     "Costs", "Expenses", "Cost Savings", "Revenue", and "Sales" are defined by

22 Kohler's Dictionary for Accountants and such definitions shall apply to the meaning of these terms

23 for purposes of this document request.

24       N.     "Summary documents" shall mean to include documents that have been generated,

25 received, kept, maintained and/or utilized by You, and documents that generated by third parties that

26 are in your possession, custody and control, which contain summaries, concise statements, and/or a

27 comprehensive compendium of information and data covering a time period of not less than thirty

28

EXHIBIT    1

PAGE 16 OF 26

EXHIBIT 2

PAGE 30.12

[C-07-6118 CW, C-07-6010 CW, C-07-5985 CW] PLAINTIFFS FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO ABBOTT LABORATORIES         - 2 -

1    (30) days, including, *e.g.,* monthly reports, quarterly reports, annual reports, analyses, forecasts,

2    projections, and/or summaries covering a time period of 30 days or longer.

3       O.    "Communication" is to be interpreted in its most comprehensive sense and includes

4    every conceivable manner or means of disclosure, transfer or exchange of information either orally

5    or in writing between one or more person or entities.

6       P.    All other words have their plain and ordinary meaning.

7               **II.    INSTRUCTIONS**

8       1.    All Requests herein refer and relate to documents generated, prepared produced,

9    received and/or in Abbott's possession (regardless when such document was originally prepared)

10    from January 1, 2001 to the present (relevant time period) unless otherwise stated.

11

12       2.    You are instructed to produce the documents and information requested herein

13    that have not already been produced by You in the Related Actions.

14       3.    All requests are deemed continuing requests and You are required to supplement

15    your answers with any newly discovered materials responsive to these requests in accordance

16    with Fed. R. Civ. P. 26(e).

17       4.    You are instructed to produce documents and things in Your possession, custody

18    or control regardless of the physical location of the documents and in whose files or computers

19    such documents or information is stored.

20

21       5.    All documents should be produced in the same order in which they are kept or

22    maintained by You in the ordinary course of Abbott's business.  Documents that have not been

23    kept in accordance with Abbott's ordinary course of business shall still be produced if such

24    documents are responsive to the request(s).

25       6.    If You are unable to answer or respond fully to any document request, please

26    answer or respond to the extent possible and specify the reasons for Your inability to answer or

27    respond in full.

28

EXHIBIT 1
PAGE 17 OF 26

EXHIBIT B
PAGE 7812

[C-07-6118 CW, C-07-6010 CW, C-07-5985 CW] PLAINTIFFS FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO ABBOTT LABORATORIES

7.    In producing documents, if the original of any document cannot be located, then produce a copy in lieu thereof, which is legible, bound and stapled in the same manner as the original.

8.    All versions of a document shall be produced. All documents shall be produced in their entirety, without deletion or exclusion regardless whether You consider the entire document to be relevant or responsive.  Documents shall be produced with all attachments and enclosures and in their original file, binder or other cover or container. All pages of a document now stapled or fastened together should be produced stapled or fastened together.  The original document shall be produced if You cannot produce a legible copy of such document.

9.    All documents that are stored in electronic or computer format shall be produced on computer diskettes where possible as well as in hard copy form, unless otherwise instructed.

10.    If You refuse to produce documents on grounds that compliance would be unduly burdensome, set forth the number of the document request, the number and nature of the documents, the location of the documents and the number of hours and the costs You would incur in conducting the search.

11.    If You choose to withhold from production any document called for by these Requests, you must provide a log containing the following information (a) the title of the document or writing; (b) the number of pages of the document or writing; (c) the identity of all author(s) or drafters of the document or writing; (d) the identity of each person to whom an original or a copy of the document or writing was sent; (e) the title and subject matter of the document or writing;  (f) the description of the material withheld, to the fullest extent possible short of waiving the claim to privilege;  (g).the reason for withholding the document or writing; and (h). the identity of each person, firm, corporation or other entity in possession of an original or copy of the document or writing; (i) the identity of each person, firm, corporation or other

EXHIBIT
PAGE 18 OF 26
EXHIBIT
PAGE B 3212

[C-07-6118 CW, C-07-6010 CW, C-07-5985 CW] PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ABBOTT LABORATORIES                                          - 4 -

entity in last known possession of an original or copy of the document or writing; (j) the date the document or writing was created; (k) the version, revision or edition of the document or writing; (l) whether the document or writing is a draft copy or final version;  and (m) the identity of all other versions, editions, revisions or drafts of the document or writing (even if superseded or obsolete), together with the creation dates and effective dates of all other versions, editions, revisions or drafts.

12.     If any documents or information are withheld on the basis that such documents or information contains attorney work product, please provide all information described in Instruction No. 11 and identify the litigation in connection with the document that was prepared or the information was received.

13.     If You claim any ambiguity in interpreting a Definition, Instruction or Request, such claims shall not be a basis for refusing to produce responsive documents.  Such claim shall promptly be brought to the party issuing the request and, by meet and confer, resolved in writing, if possible.

14.     If any responsive documents was but no longer is in Your possession custody and control, state whether it is (a) missing or lost, (b) destroyed, (c) transferred voluntarily or involuntarily to another person or entity, or (d) otherwise disposed of.  In each applicable instance, explain in writing the date or approximate date and the circumstances surrounding the disposition thereof.

15.     Delay shall not be a reason for refusing to produce documents.  All concerns relating to production shall be promptly brought to the attention of the counsel designated for Plaintiffs.  Unless otherwise instructed, Your contact person to discuss methods and timing of production and all concerns and objections is Andrew Aubertine, attorney for Louisiana Wholesale Drug, contact information identified herein, and his designees.

EXHIBIT 1
PAGE 19 OF 26

EXHIBIT 3
PAGE 6912

[C-07-6118 CW, C-07-6010 CW, C-07-5985 CW] PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ABBOTT LABORATORIES                                  - 5 -

1

### III. <u>DOCUMENT REQUESTS</u>

2    Produce the following:

3    **DOCUMENT REQUEST NO. 1**

4    Documents, including Summary Documents prepared for and/or used by Abbott officers,

5

6    directors (including employees with the term "director" in their title), and managers, that are

7    sufficient to show all costs and expenses relating to Norvir that vary from year to year, including,

8    *e.g.*, those costs and expenses that vary as the unit sales of Norvir go up or down and/or those

9    costs and expenses that would be eliminated if Abbott were to stop selling Norvir in the United

10    States.

11    **DOCUMENT REQUEST NO. 2**

12    Documents, including Summary Documents prepared for and/or used by Abbott officers,

13    directors (including employees with the term "director" in their title), and managers, that are

14    sufficient to show all costs and expenses of Kaletra that vary from year to year, including, *e.g.*,

15

16    those costs and expenses that vary as the unit sales of Kaletra go up or down and/or those costs

17    and expenses that would be eliminated if Abbott were to stop selling Kaletra in the United States.

18    **DOCUMENT REQUEST NO. 3**

19    Documents, including Summary Documents prepared for and/or used by Abbott officers,

20    directors (including employees with the term "director" in their title), and managers, that are

21    sufficient to show all costs and expenses of  Lopinavir that vary from year to year, including,

22    *e.g.*, those costs and expenses that vary as the unit sales of Kaletra go up or down and/or those

23

24    costs and expenses that would be eliminated if Abbott were to stop selling Kaletra in the United

25    States.

26

27    EXHIBIT __1__
28    PAGE _20_ OF _26_


EXHIBIT __B__
PAGE __78/2__

[C-07-6118 CW, C-07-6010 CW, C-07-5985 CW] PLAINTIFFS FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO ABBOTT LABORATORIES                    - 6 -

**DOCUMENT REQUEST NO. 4**

Documents, including Summary Documents prepared for and/or used by Abbott officers, directors (including employees with the term "director" in their title), and managers, that are sufficient to show all costs and expenses of Norvir that are sunk, fixed and/or to which Abbott is pre-committed such that the costs or expenses could not be saved or avoided by shutting down operations and no longer selling Norvir in the United States.

**DOCUMENT REQUEST NO. 5**

Documents, including Summary Documents prepared for and/or used by Abbott officers, directors (including employees with the term "director" in their title), and managers, that are sufficient to show and accurately reflect all costs and expenses of Kaletra, including the Lopinavir compound, that are sunk, fixed and/or to which Abbott is pre-committed such that the costs or expenses could not be saved or avoided by shutting down operations and no longer selling Kaletra in the United States.

**DOCUMENT REQUEST NO. 6**

Documents, including Summary Documents prepared for and/or used by Abbott officers, directors (including employees with the term "director" in their title), and managers, that are sufficient to show all of Abbott's costs and expenses relating to Lopinavir, including the production, promotion, marketing, advertising, sale, and delivery of Lopinavir.

**DOCUMENT REQUEST NO. 7**

Documents, including Summary Documents prepared for and/or used by Abbott officers, directors (including employees with the term "director" in their title), and managers, that are sufficient to show and accurately reflect all of Abbott's costs and expenses relating to research and development for Kaletra and/or Lopinavir that accrued after Abbott started to sell Kaletra in the United States (i.e., "continuing R&D").

EXHIBIT ___

PAGE 21 OF 26

EXHIBIT B

PAGE 8017

Dated: May 2, 2008

By: _[signature]_

Andrew E. Aubertine, *Pro Hac Vice*
AUBERTINE DRAPER ROSE, LLP
aa@adr-portland.com
1211 SW Sixth Avenue
Portland, Oregon 97204
Telephone:    (503) 221-4570
Facsimile:    (503) 221-4590


KAPLAN FOX & KILSHEIMER LLP

Robert N. Kaplan, *Pro Hac Vice*
Linda P. Nussbaum, *Pro Hac Vice*
John Radice, *Pro Hac Vice*
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone:    (212) 687-1980
Facsimile:    (212) 687-7714
Email: rkaplan@kaplanfox.com
            lnussbaum@kaplanfox.com
            jradice@kaplanfox.com
*Counsel for Meijer, Inc. & Meijer Distribution, Inc.*

BERGER & MONTAGUE, P.C.
Daniel Berger
*danberger@bm.net*
Eric L. Cramer, *Pro Hac Vice*
*ecramer@bm.net*
David F. Sorensen
*dsorensen@bm.net*
1622 Locust Street
Philadelphia, PA 19103
Telephone:    (215) 875-3000
Facsimile:    (215) 875-4604
 *Counsel for Rochester Drug Cooperative, Inc.*

GARWIN GERSTEIN & FISHER, LLP
Bruce E. Gerstein, *Pro Hac Vice*
*bgerstein@garwingerstein.com*
Noah H. Silverman, *Pro Hac Vice*
*nsilverman@garwingerstein.com*
1501 Broadway, Suite 1416
New York, New York 10036
Tel: (212) 398-0055
Fax: (212) 764-6620
*Counsel for Louisiana Wholesale Drug Co., Inc.*

EXHIBIT ___1___
PAGE 22 OF 26

EXHIBIT B
PAGE

[C-07-6118 CW, C-07-6010 CW, C-07-5985 CW] PLAINTIFFS FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO ABBOTT LABORATORIES                                  - 8 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Additional Counsel for Plaintiffs*

ODOM & DES ROCHES, LLP
John Gregory Odom, *Pro Hac Vice*
Stuart E. Des Roches, *Pro Hac Vice*
John Alden Meade, *Pro Hac Vice*
Andrew Kelly, *Pro Hac Vice*
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
Email: greg@odrlaw.com
        stuart@odrlaw.com
        jmeade@odrlaw.com
        akelly@odrlaw.com

PERCY SMITH & FOOTE, LLP
David P. Smith, *Pro Hac Vice*
dpsmith@smithfoote.com
W. Ross Foote, *Pro Hac Vice*
rfoote@smithfoote.com
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309
Tel: (318) 445-4480
Fax: (318) 487-1741

KOZYAK TROPIN & THROCKMORTON
Tucker Ronzetti, *Pro Hac Vice*
Adam Moskowitz, *Pro Hac Vice*
2800 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2335
Telephone: (305) 372-1800
Telecopier: (305) 372-3508

LAW OFFICES OF JOSHUA P. DAVIS
Joshua P. Davis (State Bar No. 193254)
davisj@usfca.edu
437A Valley Street
San Francisco, CA 94131
Telephone:    (415) 422-6223

VANEK, VICKERS & MASINI, P.C.
Joseph M. Vanek,  *Pro Hac Vice*
David P. Germaine, *Pro Hac Vice*
111 South Wacker Drive, Suite 4050
Chicago, IL 60606
Telephone:    (312) 224-1500
Facsimile:    (312) 224-1510
Emails: jvanek@vaneklaw.com
        dgermaine@vaneklaw.com

EXHIBIT ___1___
PAGE 23 OF 26

EXHIBIT ___B___
PAGE ___

1

2     SPERLING & SLATER
      Paul E. Slater, *Pro Hac Vice*
3     55 West Monroe Street, Suite 3200
      Chicago, Illinois 60603
      Telephone:     (312) 641-3200
4     Facsimile:     (312) 641-6492
      Email: pes@sperling-law.com
5

6

7

8

9                              —

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   EXHIBIT ___1___                        EXHIBIT ___B___
27   PAGE _24_ OF _26_                      PAGE ___11 & 12___

28

[C-07-6118 CW, C-07-6010 CW, C-07-5985 CW] PLAINTIFFS FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO ABBOTT LABORATORIES                          - 10 -

1

## CERTIFICATE OF SERVICE

2

I, Andrew E. Aubertine, declare that I am over the age of 18 years and not a party to this

3 action. My business address is 1211 SW Sixth Avenue, Portland, Oregon. On May 2, 2008, I served

4 and caused to have served a true and correct copy of the attached **PLAINTIFFS' FIRST REQUEST**

5 **FOR PRODUCTION OF DOCUMENTS ON ABBOTT LABORATORIES** on the following, by

6 the methods of service listed herein. Service by mail was accomplished by placing same in sealed

7 envelopes, affixing proper first class postage, and depositing them in the United States Mail at

8 Portland, Oregon.

9 By Email and US Mail to:

By Email and US Mail to:

10 James F. Hurst
   *jhurst@winston.com*
11 David J. Doyle
   *ddoyle@winston.com*
12 WINSTON & STRAWN LLP
13 35 W. Wacker Drive
   Chicago, IL 60601-9703

14
   Charles B. Klein
15 *cklein@winston.com*
   WINSTON & STRAWN LLP
16 1700 K Street, NW
17 Washington DC 20007

18 By Email & Hand Delivery (via Plaintiffs' local
   counsel) to:
19
   Nicole M. Norris
20 *nmorris@winston.com*
   WINSTON & STRAWN LLP
21 101 California Street, Suite 3900
   San Francisco, California 94111-5894
22

23 **Counsel for Defendant Abbott Laboratories**

Alexander Wiles
*awiles@irell.com*
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276

Kenneth A. Letzler
*Kenneth_letzler@aporter.com*
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington DC 20004-1206
**Counsel for Plaintiff GlaxoSmithKline**

Steve D. Shadowen
*sshadowen@hangley.com*
HANGLEY ARONCHICK SEGAL & PUDLIN
30 North Third Street, Suite 700
Harrisburg, PA 17101-1701
**Counsel for Plaintiffs Rite-Aide, et al**

Scott Eliot Perwin
*sperwin@kennynachwalter.com*
KENNY NACHWALTER, PA
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131
**Counsel for Plaintiffs Safeway, et al**

24

25 I declare under penalty of perjury pursuant to the laws of the United States that the

foregoing is true and correct. Executed at Portland, Oregon on May 2, 2008.

26

27

28

EXHIBIT ___1___

PAGE _25_ OF _26_

*[signature]*
Andrew E. Aubertine

EXHIBIT ___B___
PAGE _____

[C-07-6118 CW] PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS TO ABBOTT LABORATORIES                                    - 1 -

## CERTIFICATE OF SERVICE

I, Andrew E. Aubertine, declare that I am over the age of 18 years and not a party to this action. My business address is 1211 SW Sixth Avenue, Portland, Oregon. On May 2, 2008, I served and caused to have served true and correct copies of the **NOTICE OF DEPOSITION OF DEFENDANT ABBOTT LABORATORIES PURSUANT TO FED. R. CIV. P. 26 AND 30(b)(6)** on the following, by the means identified below. Service by mail was accomplished by placing same in sealed envelopes, affixing proper first class postage, and depositing them in the United States Mail at Portland, Oregon.

By Email and US Mail to:

James F. Hurst
*jhurst@winston.com*
David J. Doyle
*ddoyle@winston.com*
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

Charles B. Klein
*cklein@winston.com*
WINSTON & STRAWN LLP
1700 K Street, NW
Washington DC 20007

By Email & Hand Delivery (via Plaintiffs' local counsel) to:

Nicole M. Norris
*nmorris@winston.com*
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, California 94111-5894
**Counsel for Defendant Abbott Laboratories**

By Email and US Mail to:

Alexander Wiles
*awiles@irell.com*
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276

Kenneth A. Letzler
*Kenneth_letzler@aporter.com*
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington DC 20004-1206
**Counsel for Plaintiff GlaxoSmithKline**

Steve D. Shadowen
*sshadowen@hangley.com*
HANGLEY ARONCHICK SEGAL & PUDLIN
30 North Third Street, Suite 700
Harrisburg, PA 17101-1701
**Counsel for Plaintiffs Rite-Aide, et al**

Scott Eliot Perwin
*sperwin@kennynachwalter.com*
KENNY NACHWALTER, PA
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131
**Counsel for Plaintiffs Safeway, et al**

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed at Portland, Oregon on May 2, 2008.

*(signature)*

Andrew E. Aubertine, Admitted *Pro Hac Vice*

**EXHIBIT** 1
**PAGE** 26 OF 26

[C-07-6118 CW] CERTIFICATE OF SERVICE NOTICE OF DEPOSITION OF DEFENDANT ABBOTT LABORATORIES - FED. R. CIV. P. 26 AND 30(b)(6)

- 1 -