Joseph R. Saveri (SBN 130064)
jsaveri@lchb.com
Brendan Glackin (SBN 199643)
bglackin@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| MEIJER, INC. & MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>    Defendant. | Case No. C 07-5985 CW<br><br>**DECLARATION OF ANDREW E. AUBERTINE IN SUPPORT OF MOTION OF DIRECT PURCHASER CLASS PLAINTIFFS TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY**<br><br>Date:     August 7, 2008<br>Time:    2:00 p.m.<br>Location: Courtroom 2<br><br>**Hon. Claudia Wilken** |

I, ANDREW E. AUBERTINE, declare as follows:

1.  I am an attorney who has been admitted *pro hac vice* to practice before this Court in the above-captioned matter. I am a member of the law firm of Aubertine Draper Rose, LLP, one of the attorneys for the class. I have personal knowledge of the following facts, and would and could competently testify thereto if called as a witness in this action.

2. This Declaration is submitted in Support of the Motion of Direct Purchaser Class Plaintiffs to Compel Production of Documents and Produce Witnesses for Examination, dated July 3, 2008 ["Motion to Compel"].

3. On May 5, 2008, Plaintiffs Meijer Inc., Meijer Distribution, Inc., Rochester Drug Co-operative, Inc., and Louisiana Wholesale Drug Co., Inc. (hereinafter "Plaintiffs") served defendant Abbott Laboratories ("Abbott") with a Notice of Videotaped Deposition of Defendant Abbott Laboratories Pursuant to Fed. R. Civ. P. 26 and 30(b)(6) ["(30(b)(6) Notice"], and a First Request for Production of Documents and Things to Defendant Abbott Laboratories ["Document Request"]. True and correct copies of the 30(b)(6) Notice and the Document Request are attached to the Motion to Compel.

4. Plaintiffs and Abbott discharged their duties to meet and confer on Plaintiffs' discovery requests before filing the Motion to Compel. However, the meet and confer sessions have been unsuccessful in breaking the impasse on the issues presented in the Motion to Compel.

5. On June 2, 2008, I had a telephone conversation with Abbott counsel, Charles Klein, at which time I became aware, generally, of Abbott's objections to certain discovery requests. Mr. Klein and I discussed Abbott's objections to Plaintiffs' requests for information relating to Abbott's costs incurred in the development, production, and sale Norvir, Kaletra, and the lopinavir component of Kaletra (the "Cost Data"). During that same conversation, Mr. Klein and I discussed the possibility of filing a motion to compel to present this issue to the Court.

6. During the June 2 conversation and in subsequent conversations, Mr. Klein and I acknowledged the overlap of certain issues relating to the Motion to Compel and Abbott's Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b), which is currently scheduled for hearing on oral argument on July 10, 2008 before this Court.

7. Either I or my co-counsel, John D. Radice, had subsequent conversations and communications with Mr. Klein and/or Abbott Counsel, Matt Campbell, on the following dates: June 12, 2008, June 19, 2008, June 20, 2008, June 23, 2008, June 26, 2008, and June 27, 2008.

8. Such communications identified in the preceding paragraph were devoted in whole or in part to addressing Plaintiffs' requests for information relating to the Cost Data, the reasons why Abbott should comply with Plaintiffs' requests and Abbott's responses thereto, and presentation of one or more witnesses who could testify to the topics relating to the Cost Data. During each of these communications, Abbott stood by its initial objections. During one or more of those communications, I discussed with Mr. Klein and/or Mr. Campbell possible briefing schedules for Plaintiffs' Motion to Compel in the event Abbott did not change its position on production. I also requested tentative dates for one or more witnesses to be made available for examination on the Cost Data topics in the event Abbott revisited and changed its position on production. Plaintiffs have agreed to take the depositions in Chicago where the witnesses are purportedly located.

9. The attached exhibits to this declaration memorialize certain conversations and communications described above.

10. Exhibit A is a letter from Plaintiffs' counsel, John D. Radice to Charles Klein and Matt Campbell, dated June 23, 2008. The letter was provided to Abbott counsel, pursuant to a conversation Mr. Radice, Daniel Simons and I had with Messrs. Klein and Campbell on Friday, June 20, wherein we stated Plaintiffs' position that we were entitled to the Cost Data independent of Abbott's view of this Court's position on the Ninth Circuit's opinion in *Cascade Health Solutions v. Peacehealth*, 515 F.3d 883 (9th Cir. 2008) ("*Cascade*").

11. Exhibit B is copy of an email sent by Mr. Klein to Mr. Radice, with cc's listed thereon, responding to Plaintiffs' June 23 letter. The email makes it clear that Abbott rejects Plaintiffs' position as to why Plaintiffs are entitled to the Cost Data independent of Abbott's view of how this Court interpreted the *Cascade* opinion.

12. As of July 2, 2008, Abbott continues to stand on its objections. The current posture is that Abbott has refused to produce to Plaintiffs any documents or information relating Abbott's Cost Data (Plaintiffs have received limited Abbott cost information pursuant to discovery that was produced by Abbott to the plaintiffs in *In Re Abbott Labs Norvir Antitrust*

*Litigation,* Case No. C 04-1511 CW) or witnesses who have knowledge of the topics identified in the 30(b)(6) Notice that are at issue in the Motion to Compel.

13. Based on a conversation I had with Messrs. Klein and Campbell on June 26, 2008, it was my understanding that if the Court ruled that the Cost Data was relevant and Abbott was required to produce such data and witnesses for examination relating to such topics, Abbott would not anticipate taking a position that Abbott cannot produce any cost data solely on grounds of burden.

14. I reiterated to Mr. Klein in an email dated July 2, 2008 that it was Plaintiffs' intention to file the Motion to Compel. I have confirmation that Mr. Klein received that email.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 3, 2008, at Portland, Oregon.

/s/ Andrew E. Aubertine
Andrew E. Aubertine

I, Brendan Glackin, attest that concurrence in the filing of the document has been obtained from Andrew E. Aubertine.

LIEF CABRASER HEIMANN & BERNSTEIN LLP

By:  /s/ Brendan Glackin
Brendan Glackin.
Class Counsel

```
1   Joseph R. Saveri (SBN 130064)
    jsaveri@lchb.com
2   Brendan Glackin (SBN 199643)
    bglackin@lchb.com
3   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
    Embarcadero Center West
4   275 Battery Street, 30th Floor
    San Francisco, CA  94111-3339
5   Telephone: (415) 956-1000
    Facsimile: (415) 956-1008
6
7   Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| MEIJER, INC. & MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | Case No. C 07-5985 CW<br><br>CONSOLIDATED CASE<br><br>**DECLARATION OF ANDREW E. AUBERTINE IN SUPPORT OF MOTION OF DIRECT PURCHASER CLASS PLAINTIFFS TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY**<br><br>Date:      August 7, 2008<br>Time:      2:00 p.m.<br>Location:  Courtroom 2<br><br>**Hon. Claudia Wilken** |

I, ANDREW E. AUBERTINE, declare as follows:

1. I am an attorney who has been admitted *pro hac vice* to practice before this Court in the above-captioned matter. I am a member of the law firm of Aubertine Draper Rose, LLP, one of the attorneys for the class. I have personal knowledge of the following facts, and would and could competently testify thereto if called as a witness in this action.

2. This Declaration is submitted in Support of the Motion of Direct Purchaser Class Plaintiffs to Compel Production of Documents and Produce Witnesses for Examination, dated July 3, 2008 ["Motion to Compel"].

3. On May 5, 2008, Plaintiffs Meijer Inc., Meijer Distribution, Inc., Rochester Drug Co-operative, Inc., and Louisiana Wholesale Drug Co., Inc. (hereinafter "Plaintiffs") served defendant Abbott Laboratories ("Abbott") with a Notice of Videotaped Deposition of Defendant Abbott Laboratories Pursuant to Fed. R. Civ. P. 26 and 30(b)(6) ["(30(b)(6) Notice"], and a First Request for Production of Documents and Things to Defendant Abbott Laboratories ["Document Request"]. True and correct copies of the 30(b)(6) Notice and the Document Request are attached to the Motion to Compel.

4. Plaintiffs and Abbott discharged their duties to meet and confer on Plaintiffs' discovery requests before filing the Motion to Compel. However, the meet and confer sessions have been unsuccessful in breaking the impasse on the issues presented in the Motion to Compel.

5. On June 2, 2008, I had a telephone conversation with Abbott counsel, Charles Klein, at which time I became aware, generally, of Abbott's objections to certain discovery requests. Mr. Klein and I discussed Abbott's objections to Plaintiffs' requests for information relating to Abbott's costs incurred in the development, production, and sale Norvir, Kaletra, and the lopinavir component of Kaletra (the "Cost Data"). During that same conversation, Mr. Klein and I discussed the possibility of filing a motion to compel to present this issue to the Court.

6. During the June 2 conversation and in subsequent conversations, Mr. Klein and I acknowledged the overlap of certain issues relating to the Motion to Compel and Abbott's Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b), which is currently scheduled for hearing on oral argument on July 10, 2008 before this Court.

7. Either I or my co-counsel, John D. Radice, had subsequent conversations and communications with Mr. Klein and/or Abbott Counsel, Matt Campbell, on the following dates: June 12, 2008, June 19, 2008, June 20, 2008, June 23, 2008, June 26, 2008, and June 27, 2008.

8. Such communications identified in the preceding paragraph were devoted in whole or in part to addressing Plaintiffs' requests for information relating to the Cost Data, the reasons why Abbott should comply with Plaintiffs' requests and Abbott's responses thereto, and presentation of one or more witnesses who could testify to the topics relating to the Cost Data. During each of these communications, Abbott stood by its initial objections. During one or more of those communications, I discussed with Mr. Klein and/or Mr. Campbell possible briefing schedules for Plaintiffs' Motion to Compel in the event Abbott did not change its position on production. I also requested tentative dates for one or more witnesses to be made available for examination on the Cost Data topics in the event Abbott revisited and changed its position on production. Plaintiffs have agreed to take the depositions in Chicago where the witnesses are purportedly located.

9. The attached exhibits to this declaration memorialize certain conversations and communications described above.

10. Exhibit A is a letter from Plaintiffs' counsel, John D. Radice to Charles Klein and Matt Campbell, dated June 23, 2008. The letter was provided to Abbott counsel, pursuant to a conversation Mr. Radice, Daniel Simons and I had with Messrs. Klein and Campbell on Friday, June 20, wherein we stated Plaintiffs' position that we were entitled to the Cost Data independent of Abbott's view of this Court's position on the Ninth Circuit's opinion in *Cascade Health Solutions v. Peacehealth*, 515 F.3d 883 (9th Cir. 2008) ("*Cascade*").

11. Exhibit B is copy of an email sent by Mr. Klein to Mr. Radice, with cc's listed thereon, responding to Plaintiffs' June 23 letter. The email makes it clear that Abbott rejects Plaintiffs' position as to why Plaintiffs are entitled to the Cost Data independent of Abbott's view of how this Court interpreted the *Cascade* opinion.

12. As of July 2, 2008, Abbott continues to stand on its objections. The current posture is that Abbott has refused to produce to Plaintiffs any documents or information relating Abbott's Cost Data (Plaintiffs have received limited Abbott cost information pursuant to discovery that was produced by Abbott to the plaintiffs in *In Re Abbott Labs Norvir Antitrust*

1  *Litigation,* Case No. C 04-1511 CW) or witnesses who have knowledge of the topics
2  identified in the 30(b)(6) Notice that are at issue in the Motion to Compel.

3      13.    Based on a conversation I had with Messrs. Klein and Campbell on June 26, 2008,
4  it was my understanding that if the Court ruled that the Cost Data was relevant and Abbott was
5  required to produce such data and witnesses for examination relating to such topics, Abbott
6  would not anticipate taking a position that Abbott cannot produce any cost data solely on
7  grounds of burden.

8      14.    I reiterated to Mr. Klein in an email dated July 2, 2008 that it was Plaintiffs'
9  intention to file the Motion to Compel. I have confirmation that Mr. Klein received that email.

10  I declare under penalty of perjury that the foregoing is true and correct.
11  Executed on July 3, 2008, at Portland, Oregon.

                                        /s/ *Andrew E. Aubertine*
                                        Andrew E. Aubertine

I, Brendan Glackin, attest that concurrence in the filing of the document has been obtained from Andrew E. Aubertine.

LIEF CABRASER HEIMANN & BERNSTEIN LLP

By:    /s/ Brendan Glackin
        Brendan Glackin.
        Class Counsel