# EXHIBIT A



Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022
phone 212.687.1980
fax 212.687.7714
email mail@kaplanfox.com
www.kaplanfox.com

June 23, 2008

**Via Electronic Mail**

Charles B. Klein, Esq.
cklein@winston.com
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817

          Re: *Meijer v. Abbott Laboratories*, No. 07-5985-CW (N.D. Cal.)

Dear Chuck:

     I write to follow up on our June 20, 2008 call concerning discovery issues in the above case. As an initial matter, this letter memorializes that Abbott will not seek to enforce, and therefore withdraws, its discovery requests to absent class members concerning downstream discovery (*i.e.*, Topic Nos. 1-2 & 4-5 of Abbott's requests). Please copy Plaintiffs on your letters to the subpoena recipients informing those recipients of Abbott's withdrawal of the downstream discovery requests.

     On May 5, 2008 Plaintiffs served discovery requests concerning, *inter alia*, Abbott's costs and profits attributable to Norvir and Kaletra. Abbott has objected to Plaintiffs' requests that seek documents and testimony regarding Abbott's costs and profits on Norvir and Kaletra. Abbott does not intend to respond (other than by objecting) to those discovery requests. Abbott's objection, as we understand it, is based on its belief that the Court has prohibited Plaintiffs from using the equally efficient competitor test set forth in *Cascade v. Peacehealth*, 515 F.3d 883 (9th Cir. 2008) (and presumably other economic incarnations of that same test), and therefore Plaintiffs' requests purportedly seek irrelevant information. Abbott and Plaintiffs agree that if Plaintiffs are permitted (even if they are not required) to use the equally efficient competitor test set forth in *Cascade* (or any other version of the equally efficient competitor test), the requested discovery is relevant and Abbott will revise or withdraw its objections and produce that discovery. We understand Abbott's position that some of the issues raised in its 1292(b) motion overlap with the discovery issues raised in this letter, and that the Court's ruling on that motion may clarify our dispute, and cause you to reconsider your position.

EXHIBIT A to Aubertine
PAGE 1 OF 2 decl

Plaintiffs intend to move to compel Abbott to produce discovery concerning Abbott's costs and profits attributable to Norvir and Kaletra. First, the Court has *not* prohibited Plaintiffs from attempting to meet the *Cascade* test. To the contrary, the Court specifically called Plaintiffs' approach "valid," and only said it "need not" address Plaintiffs' point. The Court never precluded it. *Meijer, Inc. v. Abbott Labs.*, 544 F. Supp. 2d 995, 1003 n.6 (N.D. Cal. 2008). Second, as we explained during our June 20th call, even if the Court were to prohibit Plaintiffs from using any version of the equally efficient competitor, Plaintiffs would still seek this discovery, and, if necessary, would move to compel such discovery. You suggested that we provide you with our rationale behind seeking such discovery, and that you would revisit your objections, potentially obviating the need for both parties to expend the time and expense briefing a motion to compel. As you know, we intend to file a motion to compel shortly.

Wholly independent from the equally efficient competitor test, Abbott's costs and profits information concerning Norvir and Kaletra is relevant to proving liability in this case. First, this information is relevant to proving the monopoly power element of Plaintiffs' claims. The Ninth Circuit has noted that "profit margins" are one of the "basic indicators of monopoly power." *Syufy Enterprises v. American Multicinema, Inc.*, 793 F.2d 990, 996 (9th Cir. 1986). *See also In re Air Passenger Computer Reservations Systems Antitrust Litig.*, 694 F. Supp. 1443, 1460 (C.D. Cal. 1988) ("If a firm's marginal cost could be ascertained, its exercise of market power would be revealed merely by subtracting the price actually charged from the marginal cost of production."); *In re IBM Peripheral EDP Devices Antitrust Litig.*, 481 F. Supp. 965, 976 (N.D. Cal. 1979) ("Many courts have examined defendant's profit record on the theory that persistent excess profits are inconsistent with the competitive model and attributable to the possession of monopoly power.").

Second, Abbott's costs and profits concerning Norvir and Kaletra also are pertinent to assessing liability using the profit-sacrifice test that Plaintiffs and their experts may utilize. *See Vollrath Co. v. Sammi Corp.*, No. CV 85-820 MRP, 1989 U.S. Dist. LEXIS 16902, at *15 (C.D. Cal. Dec. 20, 1989) (noting that "some courts employ a comparison of the defendant's costs and prices" to determine whether pricing is exclusionary). For these and other reasons, Plaintiffs' discovery requests concerning Abbott's costs and profits from Norvir and Kaletra are relevant even if the equally efficient competitor test did not exist.

As we mentioned, Plaintiffs currently are drafting a motion to compel production of Abbott's costs and profits information. Plaintiffs will argue that such information is relevant to proving to key elements of this case, regardless of the applicability of *Cacade*'s equally efficient competitor test. Please let me know at your earliest convenience whether Abbott will reconsider its objections and produce this information so that we both can avoid a motion to compel.

Regards,

/s/ John D. Radice

John D. Radice

cc: Plaintiffs' Counsel

EXHIBIT A to Aubertine decl.
PAGE 2 OF 2