| | |
|---|---|
| James F. Hurst (*Admitted Pro Hac Vice*) <br> David J. Doyle (*Admitted Pro Hac Vice*) <br> Samuel S. Park (*Admitted Pro Hac Vice*) <br> Stephanie S. McCallum (*Admitted Pro Hac Vice*) <br> WINSTON & STRAWN LLP <br> 35 W. Wacker Drive <br> Chicago, IL 60601-9703 <br> Telephone:   312-558-5600 <br> Facsimile:    312-558-5700 <br> Email: jhurst@winston.com; <br> ddoyle@winston.com; <br> spark@winston.com; smccallum@winston.com | Jeffrey I. Weinberger (SBN 56214) <br> David M. Rosenzweig (SBN 176272) <br> Grant A. Davis-Denny (SBN 229335) <br> MUNGER, TOLLES & OLSON LLP <br> 355 Grand Avenue <br> Los Angeles, CA  90071-1560 <br> Telephone:  (213) 683-9100 <br> Facsimile:   (213) 687-3702 <br> Email: jeffrey.weinberger@mto.com; <br> david.rosenzweig@mto.com; <br> grant.davis-denny@mto.com |
| Nicole M. Norris (SBN 222785) <br> WINSTON & STRAWN LLP <br> 101 California Street, Suite 3900 <br> San Francisco, CA  94111-5894 <br> Telephone:   415-591-1000 <br> Facsimile:    415-591-1400 <br> Email: nnorris@winston.com | Michelle Friedland (SBN 234124) <br> MUNGER, TOLLES & OLSON LLP <br> 560 Mission Street, 27th Floor <br> San Francisco, CA  94105-2907 <br> Telephone:  (415) 512-4000 <br> Facsimile:   (415) 512-4077 <br> Email: michelle.friedland@mto.com |
| Charles B. Klein (*Admitted Pro Hac Vice*) <br> WINSTON & STRAWN LLP <br> 1700 K Street, N.W. <br> Washington, D.C.  20007 <br> Telephone:   202-282-5000 <br> Facsimile:    202-282-5100 <br> Email: cklein@winston.com | Attorneys for Defendant <br> ABBOTT LABORATORIES |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE ABBOTT LABS NORVIR ANTITRUST LITIGATION | **Case No. C 07-05985 CW** <br><br> *Related by October 31, 2007 Order to:* <br> *Case No. C 04-1511 CW* <br><br> **CONSOLIDATED CASE** <br> **DECLARATION OF NICOLE M. NORRIS** <br> **IN SUPPORT OF PLAINTIFFS'** <br> **ADMINISTRATIVE MOTION TO SEAL** <br><br> **DATE:    AUGUST 7, 2008** <br> **TIME:    2:00 PM** <br> **PLACE: COURTROOM 2** |

I, Nicole M. Norris, declare:

1. I am an attorney at law, admitted to practice in this Court for this matter. I am an associate with the law firm of Winston & Strawn LLP, counsel of record for Abbott Laboratories ("Abbott"), and am authorized to make this Declaration in that capacity.

I, Nicole M. Norris, declare:

1. I am an attorney at law, admitted to practice in this Court for this matter. I am an associate with the law firm of Winston & Strawn LLP, counsel of record for Abbott Laboratories, and I am authorized to make this Declaration in that capacity.

2. I submit this Declaration under Local Rule 79-5 (c) in support of filing under seal a) portions of the Direct Purchaser Class Plaintiffs' Reply Brief in Further Support of Class Certification, b) the Rebuttal Declaration of Hal. J. Singer, Ph.D., and c) Exhibit C of the Declaration of Jordan Elias in Support of the Reply Brief.

3. On July 23, 2008 the plaintiffs in the above-captioned case filed a redacted version of their Reply Brief in Further Support of Class Certification. Attached to their opposition was a declaration of their expert Hal J. Singer, as well as a chart containing highly confidential information on sales and prices of Abbott's products, Kaletra® and Norvir®. Upon review of the redacted portions of the brief and the attached documents, Abbott has determined that those portions should remain under seal because they contain confidential information that could be valuable to competitors and therefore could cause harm to Abbott.

3. It is my understanding that the document and redacted portions of the brief reflect, in general, Abbott's strategic thinking and views related to pricing of its products and confidential negotiations with purchasers that are not shared with the public or widely disseminated even within Abbott. It is my understanding that this information is kept in the highest confidence even within Abbott and is not intended to be disseminated to the general public or Abbott's competitors.

4.      Moreover, the information contained in these documents could be useful to Abbott's competitors and competing purchasers who would learn Abbott's strategic thinking, decision-making processes, and the type of information used to make its important decisions. Specifically, the documents referenced specifically discuss Abbott's strategy related to how it sets its list prices for Kaletra and Norvir and how it negotiates based on those prices with purchasers to determine a final price for those products in the highly competitive HIV/AIDS drug market. The publication of this information would allow some competing purchasers to demand commensurate discounts and rebates on these products. Accordingly, any disclosure of this information would be harmful to Abbott.

5.      In addition to these general overall descriptions, in an effort to provide the Court with a better and more specific description of the redacted information, the following paragraphs provide a brief explanation of the redacted portions of the sealed documents, which were redacted for the reasons cited above:

6.      It is my understanding that the redacted portions of **Plaintiffs' Reply Brief** contain specific references to data and pricing information taken from the Declaration of Joel Hay supporting Abbott's opposition brief to class certification. This information provides a window into Abbott's practices for setting initial prices for its pharmaceutical products Norvir and Kaletra, as well as its practices for negotiating with direct purchasers for final payment terms and conditions. The Hay Declaration has already been filed under seal, subject to this Court's approval. *See* Docket No. 105.

7.      It is my understanding that the **Rebuttal Declaration of Hal. J. Singer, Ph.D,** similarly provides an in-depth discussion of the pricing information first discussed in the Hay Declaration. For the reasons explained above, this information is very sensitive to Abbott and should remain under seal.

8.      It is my understanding that **Exhibit C** of the Declaration of Jordan Elias in Support of the Reply Brief is a chart listing all purchases of Kaletra and Norvir from Abbott by the Frank W. Kerr Company. This chart details the specific quantities and prices for these purchases from December 2002 to the present, as well as the resale of those products from Frank W. Kerr

1  Company to plaintiff Meijer, Inc.  This data similarly provides a window into the specific pricing
2  practices of Abbott, and Abbott would be significantly harmed by its publication.
3       I declare under penalty of perjury under the laws of the United States of America that
4  the foregoing is true and correct.

5  Dated: July 29, 2008            By:   /s/ Nicole M. Norris
6                                         NICOLE M. NORRIS