1  James F. Hurst (*Admitted Pro Hac Vice*)          Jeffrey I. Weinberger (SBN 56214)
   David J. Doyle (*Admitted Pro Hac Vice*)          David M. Rosenzweig (SBN 176272)
2  Samuel S. Park (*Admitted Pro Hac Vice*)          Grant A. Davis-Denny (SBN 229335)
   Stephanie S. McCallum (*Admitted Pro Hac Vice*)   MUNGER, TOLLES & OLSON LLP
3  WINSTON & STRAWN LLP                              355 Grand Avenue
   35 W. Wacker Drive                                Los Angeles, CA 90071-1560
4  Chicago, IL 60601-9703                            Telephone: (213) 683-9100
   Telephone:  312-558-5600                          Facsimile: (213) 687-3702
5  Facsimile:  312-558-5700                          Email: jeffrey.weinberger@mto.com;
   Email: jhurst@winston.com; ddoyle@winston.com;    david.rosenzweig@mto.com;
6  spark@winston.com; smccallum@winston.com          grant.davis-denny@mto.com

7  Nicole M. Norris (SBN 222785)                     Michelle Friedland (SBN 234124)
   WINSTON & STRAWN LLP                              MUNGER, TOLLES & OLSON LLP
8  101 California Street, Suite 3900                 560 Mission Street, 27th Floor
   San Francisco, CA 94111-5894                      San Francisco, CA 94105-2907
9  Telephone:  415-591-1000                          Telephone: (415) 512-4000
   Facsimile:  415-591-1400                          Facsimile: (415) 512-4077
10 Email: nnorris@winston.com                        Email: michelle.friedland@mto.com

11 Charles B. Klein (*Admitted Pro Hac Vice*)
   WINSTON & STRAWN LLP
12 1700 K Street, N.W.
   Washington, D.C. 20007
13 Telephone:  202-282-5000
   Facsimile:  202-282-5100
14 Email: cklein@winston.com

15 Attorneys for Defendant
   ABBOTT LABORATORIES
16

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MEIJER, INC. & MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>ABBOTT LABORATORIES,<br><br>        Defendant. | **Case No. C 07-5985 CW**<br><br>*Related Per October 31, 2007 Order to Case No. C 04-1511 CW*<br><br>CONSOLIDATED CASE<br><br>**ABBOTT LABORATORIES' MISCELLANEOUS ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL**<br><br>Date:       August 19, 2008<br>Time:       2:00 p.m.<br>Courtroom:  2 (4th Floor)<br>Judge:      Hon. Claudia Wilken |

## I. NOTICE OF MOTION

TO PLAINTIFFS AND HIS ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN Defendant Abbott Laboratories ("Abbott") will and hereby does move the Court for Miscellaneous Administrative Relief to file the following documents under seal:

- Portions Exhibit A of Abbott Laboratories Motion For Leave To File A Sur-Reply to Direct Purchaser Class Plaintiffs' Motion for Class Certification, which contains Abbott's proposed Sur-Reply.

- Portions of Exhibit B of Abbott Laboratories Motion For Leave To File A Sur-Reply to Direct Purchaser Class Plaintiffs' Motion for Class Certification, which contains the Declaration of Joel Hay, Ph.D., in Support of Abbott Laboratories' Opposition to Direct Purchaser Class Plaintiffs' Motion for Class Certification.

Abbott's Motion for Miscellaneous Administrative relief is based on this Notice of Motion and Motion, the Declaration of Stephanie McCallum filed herewith, and any further material and argument presented to the Court related to Abbott's Motion for Leave to File Sur-Reply to Direct Purchaser Class Plaintiffs' Motion for Class Certification.

## II. INTRODUCTION

Abbott is a global, broad-based health-care company devoted to the discovery, development, manufacture and marketing of pharmaceuticals and medical products, including nutritionals, devices and diagnostics. Abbott licenses its patented AIDS drug, Norvir®, to pharmaceutical companies selling in all 50 states and in many countries around the world.

The market for HIV/AIDS drugs is very competitive. As a result, information regarding prices paid to Abbott by direct and indirect purchasers, as well as the pricing strategies employed by Abbott, could be beneficial for competitors to obtain. Accordingly, Abbott seeks to have its Opposition To Direct Purchaser Class Plaintiffs' Motion For Class Certification and Attached Exhibits protected from public disclosure to preserve the confidentiality of competitively sensitive financial information contained in the brief.

### III. DISCUSSION

The right to inspect and copy judicial records is not absolute. *See Hagestad v. Tragesser*, 49 F. 3d 1430, 1433 (9th Cir. 1995) (*citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* Federal Rules of Civil Procedure 26(c) provides, that for good cause shown, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, undue burden or expense." Specifically, the court has the authority to withhold information from the public so "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7). This is consistent with the requirements of the Trade Secrets Act (18 U.S.C. § 1905).

In this case, Abbott seeks to file under seal the following "Highly Confidential" documents:

- Portions of Abbott Laboratories' Sur-Reply to Direct Purchaser Class Plaintiffs' Motion for Class Certification.

- Sur-Reply Declaration of Joel Hay, Ph.D., in Support of Abbott Laboratories' Opposition to Direct Purchaser Class Plaintiffs' Motion for Class Certification.

The redacted information in these documents is highly sensitive to Abbott. It is a window into Abbott's practices for setting initial prices for its pharmaceutical products Norvir® and Kaletra®, as well as its practices for negotiating with direct purchasers for final payment terms and conditions. *See* McCallum Decl. at ¶¶ 3-7. Abbott's Sur-Reply the Declaration of Joel Hay in support of the Su-Reply both contain in-depth analysis of Abbott's pricing strategies and practices. The availability of such confidential financial information to the public in general and to Abbott's competitors would be severely damaging because competitors would gain insight into Abbott's practices for negotiating and setting prices for products in the extremely competitive market for AIDS/HIV medications.

Thus, the contents are considered highly confidential and proprietary to Abbott and should be protected from disclosure under the Federal Rule of Civil Procedure 26(c)(7) and Civil Local Rule 79-5.

## IV. CONCLUSION

To protect the confidential pricing strategies and other sensitive competitive information contained in its brief, Abbott respectfully requests this Court grant Abbott's request to place under seal documents listed above.

Dated: August 14, 2008   WINSTON & STRAWN LLP

By: /s/ Stephanie S. McCallum
Stephanie S. McCallum
Attorneys for Defendant
ABBOTT LABORATORIES