Joseph R. Saveri (SBN 130064)
jsaveri@lchb.com
Brendan Glackin (SBN 199643)
bglackin@lchb.com
Jordan Elias (State Bar No. 228731)
jelias@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Class Counsel*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| MEIJER, INC., et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | Case No. C 07-5985 CW<br><br>CONSOLIDATED CASE<br><br>**BRIEF IN OPPOSITION TO ABBOTT'S UNTIMELY MOTION FOR SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date:      **August 19, 2008**<br>Time:      **2:00 p.m.**<br>Location:  **Courtroom 2**<br><br>**Hon. Claudia Wilken** |

778874.1

## I. ABBOTT'S SURREPLY IS IMPROPER, MERITLESS, AND SHOULD BE STRUCK

Plaintiffs[1] filed their Motion for Class Certification[2] on May 5, 2008. Abbott filed its opposition on June 25, 2008. (Dkt. No. 101.) Plaintiffs filed their reply in support of their motion for class certification, and the motion was therefore fully briefed, on July 23, 2008. (Dkt. No. 120.) This Court had previously set the hearing on the class certification motion for August 7, 2008. On or about July 31, 2008, counsel for Abbott requested that Plaintiffs stipulate to adjourn the class certification hearing for nearly two weeks so that counsel for Abbott could take a vacation with his family. Plaintiffs consented to this seemingly reasonable request as a professional courtesy. As Abbott explained it to this Court: "Abbott's lead counsel has a personal scheduling conflict for [August 7, 2008, and] counsel for Plaintiffs have agreed as a professional courtesy to stipulate to the adjournment of [that date until August 19, 2008.]" (Dkt. No. 128.) Now, fewer than three business days before the August 19 class hearing, Abbott has filed a motion to file a surreply, complete with an additional "sur-reply" brief and "sur-reply" expert declaration, which is dated August 14, 2008. (Dkt. No. 130.)

Abbott's attempt to take strategic advantage of Plaintiffs' counsel's professional courtesy should not be countenanced. On this basis alone, this Court should reject Abbott's untimely (and substantively meritless) motion to file a surreply, and should strike Abbott's proposed surreply brief and declaration.

Even on its supposed merits, however, Abbott's filing is an improper surreply and should be struck.

***First***, Abbott's request is procedurally improper. Local Rule 7-3(d) provides that "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." Abbott did not seek or obtain leave of this Court to file a surreply, but instead just

---

[1] Plaintiffs include Meijer Inc., Meijer Distribution, Inc. (collectively, "Meijer"), Rochester Drug Co-operative, Inc. ("RDC"), and Louisiana Wholesale Drug Co., Inc. ("LWD") (collectively, "Plaintiffs").

[2] Direct Purchaser Class Plaintiffs' Notice of Motion and Motion for Class Certification, Dkt. Nos. 62 & 64, No. C 07-5985 CW (N.D. Cal.).

attached its proposed surreply and an additional declaration from its expert to its motion for leave to file a surreply.

***Second***, the stated basis for filing the surreply and surrebuttal report on the eve of the class certification argument is that Plaintiffs supposedly introduced a "brand new monopolization theory in their reply." As Abbott well knows, and as shown below, this is simply false. Plaintiffs did no such thing. Abbott charges that Plaintiffs have a "new" theory of liability and are now claiming that "the increase in the price of Norvir was anticompetitive *regardless of the price of Kaletra*." Abbott Surreply at *2 (emphasis added). But this theory is not new. In his *initial* declaration attached to Plaintiffs' May 5, 2008 Motion for Class Certification, Dr. Singer explained that there were ***two*** non-exclusive standards for assessing the anticompetitive effects of Abbott's conduct: (1) the *Cascade* standard, and (2) the consumer welfare standard. *See* Singer Initial Decl. ¶¶ 25-33 (describing separately the consumer welfare and *Cascade* standards), 38-40 (same).

Under the *Cascade* standard, which uses the foreclosure of rivals as a proxy for consumer harm, one must consider the price of Kaletra when implementing the attribution test to determine whether equally efficient rivals were foreclosed from the market. In contrast, under the consumer welfare standard, anticompetitive harm can be assessed, among other ways, by comparing the stand-alone (penalty) price of the tying product (Norvir) to its independent monopoly price. *See*, *e.g.*, Singer Initial Decl. ¶¶ 7, 27, 38.[3] Under this standard economic model, the price of Kaletra is not directly relevant. *Id*.

Although the *Cascade* standard imposes a limit on any subsequent increase in the price of Kaletra for Abbott's ongoing conduct to be deemed anticompetitive, there is no similar constraint under the consumer welfare standard. In his reply declaration, Dr. Singer simply reiterates that,

---

[3] Tellingly, Professor Hay's discussion of how the independent monopoly price would be assessed reveals that calculation of the independent monopoly price after December 2003 would rely entirely on evidence that is common to the class. *See* Hay Surreply Decl. ¶¶ 13-14 (citing classwide factors that increased the demand for Norvir to be used as a PI booster, including the introduction of Reyataz and Lexiva). Whether a 400 percent increase in the price of Norvir can be justified based on demand- and supply-side factors is precisely the controversy that the economists will debate at the merits phase—relying entirely on classwide evidence.

under a consumer welfare standard, the mere fact that Abbott raised the price of Norvir above the independent monopoly price harmed class members, regardless of the price of Kaletra. To proclaim that this theory was first offered in Dr. Singer's reply is disingenuous and wrong.

*Third*, even within the confines of the *Cascade* theory, Abbott misrepresents Plaintiffs' theory. Plaintiffs are challenging the Norvir price hike, which allowed Abbott to leverage its Norvir monopoly, harm competition in the Boosted Market, and then raise the price of Kaletra. *See*, *e.g.*, Singer Initial Decl. ¶¶ 2-3, 22. As Dr. Singer clearly noted in his opening and rebuttal declarations, the penalty for purchasing Norvir as a stand-alone product, as opposed to purchasing ritonavir as part of Kaletra, is what allows Abbott to leverage its Norvir monopoly into the Boosted Market. Plaintiffs and Dr. Singer explicitly recognize that the price differential between Norvir and Kaletra is what caused the competitive harm under the *Cascade* theory. However, it is central to Plaintiffs' theory that had Abbott not taken the 400 percent Norvir price increase, Abbott would not have been able to profitably raise the price of Kaletra, and thus the price of *both* Abbott products would have been lower in the but-for world. Thus, as Dr. Singer said, it truly is misleading to phrase plaintiffs' case as complaining that the price of Kaletra was too low.

*Finally*, whatever the pretext, Abbott's proposed surreply papers mostly have nothing to do with Plaintiffs' supposed "new" theory, and mainly reflect unrelated efforts to respond to Plaintiffs' analysis. For instance, wholly unrelated to the pretext for the surreply, Abbott attempts to explain away its own economist's admissions regarding, for instance, common proof of impact. *See*, *e.g.*, Abbott's Proposed Surreply at 8 (vainly attempting to explain why Professor Hay's admission "that all or nearly all direct purchasers paid more after December 2003 than before" is somehow not dispositive of the common impact question).

At all events, the entire pretext for Abbott's filing—that Plaintiffs asserted a new monopolization theory on rebuttal—is plainly wrong.

## II. CONCLUSION

For the foregoing reasons, Abbott's motion for leave to file surreply papers should be denied, or in the alternative, plaintiffs request that they be permitted the opportunity to file a response of equal length to Abbott's most recent filing with an expert declaration should that prove necessary.

Dated: August 15, 2008   Respectfully submitted,

By:   /s/ Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Email: jsaveri@lchb.com
Brendan Glackin (State Bar No. 199643)
Email: bglackin@lchb.com
Jordan Elias (State Bar No. 228731)
Email: *jelias@lchb.com*
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111 3339
Telephone:  (415) 956 1000
Facsimile:  (415) 956 1008

***Class Counsel for Direct Purchaser Class Plaintiffs***

Linda P. Nussbaum, *Pro Hac Vice*
Email: lnussbaum@kaplanfox.com
John D. Radice, *Pro Hac Vice*
Email: jradice@kaplanfox.com
KAPLAN FOX & KILSHEIMER, LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

Daniel Berger
Email: danberger@bm.net
Eric L. Cramer, *Pro Hac Vice*
Email: ecramer@bm.net
Daniel C. Simons, *Pro Hac Vice*
Email: dsimons@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

|   |   |
|---|---|
| 1 | Bruce E. Gerstein, *Pro Hac Vice* |
|   | Email: bgerstein@garwingerstein.com |
| 2 | Noah H. Silverman, *Pro Hac Vice* |
|   | Email: nsilverman@garwingerstein.com |
| 3 | GARWIN GERSTEIN & FISHER, LLP |
|   | 1501 Broadway, Suite 1416 |
| 4 | New York, NY 10036 |
|   | Telephone: (212) 398-0055 |
| 5 | Facsimile: (212) 764-6620 |

*Co-Lead Counsel for Direct Purchaser Class Plaintiffs*

David P. Smith, *Pro Hac Vice*
Email: dpsmith@psfllp.com
W. Ross Foote, *Pro Hac Vice*
Email: rfoote@psfllp.com
PERCY SMITH & FOOTE, LLP
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309
Telephone: (318) 445-4480
Facsimile: (318) 487-1741
John Gregory Odom, *Pro Hac Vice*
Email: greg@odrlaw.com
Stuart E. Des Roches, *Pro Hac Vice*
Email: stuart@odrlaw.com
John Alden Meade, *Pro Hac Vice*
Email: jmeade@odrlaw.com
ODOM & DES ROCHES, LLP
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130
Telephone: (504) 522-0077
Facsimile: (504) 522-0078

*Executive Committee for Direct Purchaser Class Plaintiffs*

Andrew E. Aubertine, *Pro Hac Vice*
Email: aa@adr-portland.com
AUBERTINE DRAPER ROSE, LLP
1211 S.W. Sixth Avenue
Portland, OR 97204
Telephone: (503) 221 4570
Facsimile: (503) 221 4590

Joshua P. Davis (State Bar No. 193254)
Email: davisj@usfca.edu
LAW OFFICES OF JOSHUA P. DAVIS
437A Valley Street
San Francisco, CA 94131
Telephone: (415) 422-6223

| | |
|---|---|
| 1 | Joseph M. Vanek, *Pro Hac Vice* |
| | Email: jvanek@vaneklaw.com |
| 2 | David P. Germaine, *Pro Hac Vice* |
| | Email: dgermaine@vaneklaw.com |
| 3 | VANEK, VICKERS & MASINI, P.C. |
| | 111 South Wacker Drive, Suite 4050 |
| 4 | Chicago, IL  60606 |
| | Telephone: (312) 224-1500 |
| 5 | Facsimile: (312) 224-1510 |
| | Charles M. Kagay (SBN 073377) |
| 6 | Email: cmk@slksf.com |
| | SPIEGEL, LIAO & KAGAY |
| 7 | 388 Market Street, Suite 900 |
| | San Francisco, CA  94111 |
| 8 | Telephone:  (415) 956 5959 |
| | Facsimile:  (415) 362 1431 |
| 9 | |
| | Tucker Ronzetti, *Pro Hac Vice* |
| 10 | Email: tr@kttlaw.com |
| | Adam Moskowitz, *Pro Hac Vice* |
| 11 | Email: amm@kttlaw.com |
| | KOZYAK TROPIN & THROCKMORTON |
| 12 | 2800 Wachovia Financial Center |
| | 200 South Biscayne Boulevard |
| 13 | Miami, FL  33131 2335 |
| | Telephone: (305) 372 1800 |
| 14 | Facsimile: (305) 372 3508 |
| 15 | Paul E. Slater, *Pro Hac Vice* |
| | Email: pes@sperling-law.com |
| 16 | SPERLING & SLATER |
| | 55 West Monroe Street, Suite 3200 |
| 17 | Chicago, IL  60603 |
| | Telephone: (312) 641 3200 |
| 18 | Facsimile: (312) 641 6492 |
| 19 | ***Other Class Counsel*** |

**Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from Eric L. Cramer, Linda Nussbaum, and Bruce Gerstein.**