Joseph R. Saveri (State Bar No. 130064)
jsaveri@lchb.com
Brendan Glackin (State Bar No. 199643)
bglackin@lchb.com
Sarah London (State Bar No. 267083)
slondon@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Attorneys for Plaintiffs Meijer, Inc., et al. and the Customer Plaintiff Class*

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| MEIJER, INC., *et al*., on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>                    Defendant. | Case No. C 07-5985 CW<br><br>CONSOLIDATED CASE<br><br><br><br><br><br>Hon. Claudia Wilken |

**ORDER GRANTING CLASS CUSTOMER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, APPROVAL OF FORM OF NOTICE, AND SETTING SCHEDULE AND FINAL APPROVAL HEARING**

Upon review and consideration of the Settlement Agreement, dated April 6, 2011, and the Class Customer Plaintiffs' Notice of Motion and Motion For Preliminary Approval of Settlement, Approval of Form of Notice, and Setting Schedule and Final Approval Hearing and their brief in support of that motion, which have been publicly filed with the Court (collectively, the

"Settlement Documents"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over these actions and each of the parties.

2. In light of this Court's previous Class Certification Order dated August 27, 2008, the exclusion notices received during the opt-out period established pursuant to that Order and the now proposed settlement of the above captioned class action (the "Class Action"), the Class is defined as follows:

> All persons or entities in the United States who purchased Norvir and/or Kaletra directly from Abbott Laboratories ("Abbott") or any of its divisions, subsidiaries, predecessors, or affiliates during the period from December 3, 2003 through August 27, 2008 ("Class Period").
>
> Excluded from the Class are Abbott and its divisions, subsidiaries, predecessors or affiliates, all governmental entities, and the following additional entities: American Sales Company, Inc.; Caremark, L.L.C.; CVS Pharmacy, Inc., Eckerd Corporation; HEB Grocery Company LLP; JCG (PJC) USA, LLC; Maxi Drug, Inc. d/b/a Brooks Pharmacy; New Albertson's, Inc.; Rite Aid Corporation; Rite Aid HDQTRS. Corp.; Safeway Inc.; SmithKline Beecham Corp. d/b/a GlaxoSmithKline; The Kroger Co.; and Walgreen Co.

3. Upon review of the record and the Settlement Documents, the Court finds that the proposed Settlement, which includes a cash payment of $52 million (fifty-two million dollars) by Abbott into an escrow account for the benefit of the Plaintiffs and the Class ("Settlement Fund") in exchange for, *inter alia,* dismissal of the litigation with prejudice and certain releases of claims by Plaintiffs and the Class as set forth in the Settlement Agreement, was arrived at by arm's-length negotiations by highly experienced counsel after more than three years of litigation and the commencement of trial, falls within the range of possibly approvable settlements, and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

4. Except as indicated in paragraph five below, the proposed form of Notice to Class Members of the proposed Settlement as revised and submitted to the Court on April 18, 2011

("Settlement Notice"), and the proposed method of dissemination thereof (first class mail) satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process, are otherwise fair and reasonable, and therefore are approved.  The Court finds that because the prior Notice of Pendency of Class Certification ("Notice of Pendency"), which was dated May 4, 2009, and was disseminated on or about that date at the direction of the Court, satisfies the requirements of Rule 23(e) and due process, and because the Notice of Pendency provided for an opt-out period (which closed on June 18, 2009), there is no need for an additional opt-out period pursuant to Fed.R.Civ.P. 23(e)(4).  Class Counsel shall cause the Settlement Notice, in the form attached to Plaintiffs' Notice of Elaboration Regarding Allocation Plan as amended below, to be disseminated by no later than 20 days following the entry of this Order via first class mail to the last known address of each entity that purchased Norvir and/or Kaletra directly from Abbott during the Class Period.

5.  The parties shall make the following changes to the Notice of Class Action Settlement, attached as Exhibit A to Plaintiffs' Notice of Elaboration Regarding Allocation Plan:

(a) Throughout the Notice, the phrase "pro rata" shall appear consistently in either an italicized or a roman typeface and without a hyphen.

(b) In the paragraph adjacent to the third bullet point on the cover page, replace "question 8 below" with "questions 8 and 9 below."

(c) In line 4 in paragraph 3 of the "Summary of Settlement" section on page 4, replace "that they are liable" with "that it is liable."

(d) In line 4 in § 6 on page 6, replace "against them" with "against it."

(e) Line 15 of paragraph 2 in § 8 on page 7 states that Class Members may inspect Plaintiffs' application for an award of attorneys' fees, for reimbursement of costs and expenses and for incentive awards on "the websites noted above."  However,

no websites are provided above. If appropriate, this clause should refer to Class Counsel's websites, which appear in § 13 on page 9. In addition, Plaintiffs shall revise this paragraph to direct Class Members to § 21 on page 11, which provides instructions on how to obtain a copy of Plaintiffs' impending application. If appropriate, § 21 should be revised to direct Class Members to Class Counsel's websites, which appear in § 13 on page 9.

(f) In line 3 of paragraph 3 in § 8 on page 7, omit "public." Plaintiffs shall revise this paragraph to direct Class Members to § 21, which provides instructions on how to obtain the Settlement documents.

(g) In line 7 of paragraph 1 of § 9 on page 7, insert a hyphen between "Court" and "appointed" so the phrase reads "Court-appointed claims administrator."

(h) In line 4 of paragraph 2 of § 9 on page 8, omit the closing set of quotation marks.

(i) To § 16, add the following paragraph:

> The date of the Fairness Hearing may change. Class Members should check the Court's calendar, located at http://www.cand.uscourts.gov, to confirm this date. Class Members also may confirm the date by contacting the lawyers in this case at the telephone numbers or addresses listed in question 13.

6. The Court appoints Epiq Systems, Inc., the company the Court previously appointed to administer the Notice of Pendency, as claims administrator (the "Claims Administrator") to assist Class Counsel in disseminating the Settlement Notice to the Class. All expenses incurred by the Claims Administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

7. A hearing on final approval (the "Fairness Hearing") shall be held before this Court on August 11, 2011, at 2:00 p.m, in the courtroom assigned to the Honorable Claudia

Wilken, U.S.D.J., at the United States District Court for the Northern District of California. At the Fairness Hearing, the Court will consider, *inter alia:* (a) the fairness, reasonableness and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve the proposed plan of allocation of the Settlement Fund among Class members; (c) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to Class Counsel; (d) whether incentive awards should be awarded to the named Plaintiffs, and in what amount; and (e) whether entry of a final judgment terminating this litigation should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Class Counsel shall be responsible for communicating any such notice promptly to the Class by posting conspicuous notice on their websites.

8. All briefs and materials in support of the application for an award of attorneys' fees and reimbursement of expenses and incentive awards for the named Plaintiffs shall be filed with the Court no later than June 14, 2011 (fifty-five (55) days from the entry of this Order).

9. Class members who wish to (a) object with respect to the proposed Settlement and/or (b) wish to appear in person at the Fairness Hearing must first send an Objection and, if intending to appear, a Notice of Intention to Appear; along with a Summary Statement outlining the position(s) to be asserted and the grounds therefore together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Court for the Northern District of California, Oakland Division, Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, CA 94612, with copies to the following counsel:

*On behalf of Plaintiffs and the Class*:

| Bruce E. Gerstein | Eric L. Cramer | Linda Nussbaum |
| --- | --- | --- |
| Garwin Gerstein & Fisher LLP | Berger & Montague, P.C. | Grant & Eisenhoffer, P.A. |
| 1501 Broadway, Suite 1416 | 1622 Locust Street | 485 Lexington Avenue |
| New York, New York 10036 | Philadelphia, PA 19103 | New York, New York 10017 |

Co-Lead Counsel for Direct Purchaser Class

*On behalf of Defendant*:

Jeffrey I. Weinberger
Stuart N. Senator
Munger, Tolles, & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071
Counsel for Abbott Laboratories

To be valid, any such Objection and/or Notice of Intention to Appear and Summary statement must be received no later than June 28, 2011 (which date is sixty-nine (69) days from the entry of this Order). Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement. All persons and entities who fail to file an Objection and/or Notice of Intention to Appear as well as a Summary Statement as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

10. All briefs and materials in support of the final approval of the settlement and the entry of final judgment proposed by the parties to the Settlement Agreement shall be filed with the Court no later than July 13, 2011 (eighty-four (84) days from the entry of this Order).

11. All proceedings in this Customer Plaintiff Class Action against Abbott are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if it approves the Settlement, enters final judgment and dismisses these actions with prejudice.

12. In the event that the Settlement does not become final, then, subject to approval of the Court, litigation of the Customer Plaintiff Class Action will resume in a reasonable manner to be approved by the Court upon joint application by the parties hereto.

13. In the event the Settlement Agreement and the Settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement

Agreement, the Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Plaintiffs shall retain full rights to assert any and all causes of action against Defendant and any other released party, and the Defendant and any other released parties shall retain any and all defenses and counterclaims hereto.  These actions shall hereupon revert forthwith to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed, and upon application of Class Counsel and Counsel for Abbott this Court shall enter an Order authorizing the parties to retry these actions.

14. Neither this Order nor the Settlement Agreement nor any other Settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Abbott as to the validity of any claim that has been or could have been asserted against Abbott or as to any liability by Abbott as to any matter set forth in this Order.

SO ORDERED this 20 day of April, 2011

_____
Hon. Claudia Wilken
U.S. District Court for the
Northern District of California