Joseph R. Saveri (State Bar No. 130064)
jsaveri@lchb.com
Brendan Glackin (State Bar No. 199643)
bglackin@lchb.com
Sarah London (State Bar No. 267083)
slondon@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Attorneys for Plaintiffs Meijer, Inc., et al. and the Customer Plaintiff Class*

[Additional Counsel Appear or Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MEIJER, INC., *et al.,* on behalf of themselves and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | Case No.: No C. 07-5985 CW<br><br>**CONSOLIDATED CASE**<br><br>[**PROPOSED**] **ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND ENTERING FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE**<br><br>Date: August 11, 2011<br>Time: 2:00 p.m.<br>Courtroom: 2<br><br>The Honorable Claudia Wilken |

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement with defendant Abbott Laboratories and Class Customer Plaintiffs, pursuant to Rules 23(e) and 54(b) of the Federal Rules of Civil Procedure, and in accordance with the terms of the Settlement Agreement, dated April 6, 2011. The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined: (a) the settlement is fair and reasonable and should be

finally approved; (b) the proposed plan of allocation of the Settlement Fund should be approved; (c) the proposed awards of attorneys' fees and reimbursement of the expenses to Class Counsel should be approved; (d) incentive awards should be awarded to the named plaintiffs; and (e) a final judgment terminating this litigation should be entered. Good cause appearing therefore, it is:

**ORDERED, ADJUDGED AND DECREED that:**

1. This Court has jurisdiction over this Customer Class Action and each of the parties to the Settlement Agreement including all Class Members.

2. This Order and Final Judgment incorporates by reference the definitions in the Settlement Agreement and all terms used herein shall have the same meanings set forth in the Settlement Agreement. As set forth in the Preliminary Approval Order [D.E. 508], dated April 20, 2011, the previously certified Class is defined as follows:

> All persons or entities in the United States who purchased Norvir and/or Kaletra directly from Abbott Laboratories ("Abbott") or any of its divisions, subsidiaries, predecessors, or affiliates during the period from December 3, 2003 through August 27, 2008 ("Class Period").
>
> Excluded from the Class are Abbott and its divisions, subsidiaries, predecessors or affiliates, all governmental entities, and the following additional entities: American Sales Company, Inc.; Caremark, L.L.C.; CVS Pharmacy, Inc., Eckerd Corporation; HEB Grocery Company LLP; JCG (PJC) USA, LLC; Maxi Drug, Inc. d/b/a Brooks Pharmacy; New Albertson's Inc.; Rite Aid Corporation; Rite Aid HDGTRS. Corp.; Safeway Inc.,; SmithKline Beecham Corp. d/b/a GlaxoSmithKline; The Kroger Co.; and Walgreen Co.

3. The Court finds that due notice was given in accordance with the Preliminary Approval Order, and that the form and content of the Notice, Publication Notice, and Proof of Claim, and the procedures for publication, mailing, and distribution thereof as set forth in the Preliminary Approval order, satisfy the requirements of Fed. R. Civ. P. 23(e) and due process and constitute the best notice practicable under the circumstances.

4. Due to the adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the fairness hearing, and given that no members of the Class have opted out, it is hereby determined that all Class Members are bound by this Order and Final Judgment.

5. The settlement of this Customer Class Action as to Abbott was not the product of collusion between Customer Plaintiffs and Defendant or its counsel, but rather was the result of *bona fide* and arm's-length negotiations conducted in good faith between Class Counsel and Abbott's Counsel.

6. The Court has held a hearing to consider the fairness, reasonableness and adequacy of the proposed settlement, and has been advised that there have been no objections to the settlement from any members of the Class.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally approves in all respects the Settlement as set forth in the Settlement Agreement and finds that the Settlement is in all respects, fair, reasonable, adequate, and in the best interests of the Class. The Court further approves the establishment of the Settlement Fund upon the terms and conditions set forth in the Settlement Agreement. The parties are hereby directed to carry out the Settlement in accordance with its terms and provisions.

8. The Court approves the Plan of Allocation of Settlement Proceeds as proposed by Class Counsel as fair and reasonable. Epiq Systems, Inc., the company the Court previously appointed as claims administrator ("Claims Administrator"), is directed to administer the Settlement in accordance with the terms and conditions of the Settlement Agreement. All expenses incurred by the Class Administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund. The Claims Administrator will distribute the Settlement Funds to the Class on a *pro rata* basis in the manner described in the Plan of Allocation.

9. All claims in the above-captioned action against Abbott are hereby dismissed with prejudice, and without costs, with the Court retaining jurisdiction for the limited purpose of enforcing compliance with the terms and conditions of the Settlement Agreement and this Order

1 and Final Judgment. All Released Claims of the Customer Plaintiffs and Customer Class in the above-captioned Action are released and dismissed with prejudice, and, except as provided for in the Settlement Agreement, without costs.

4     10. All Class Members shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released by the Settlement Agreement, and all Class Members shall be deemed to have forever release any and all such matters, claims and causes of action as provided in the Settlement Agreement.

8     11. Class Counsel are awarded Attorneys' Fees and Expenses in the amount of one-third of the gross settlement amount – *i.e*., one-third of $52 million, or $17,333,333.33 – for attorneys' fees and reasonable costs and expenses of $1,901,251.13 incurred in the representation of the Customer Class, for a total Attorneys' Fees and Expenses award of $19,234,584.46. The Court finds that the amount of Attorneys' Fees and Expenses awarded is fair and reasonable. The award of Attorneys' Fees and Expenses shall be allocated among Class Counsel in a fashion which, in the opinion of Co-Lead Counsel, fairly compensates Class Counsel for their respective contributions in the prosecution of this Action. The Attorneys' Fees and Expenses awarded shall be paid out of the Settlement Fund.

17     12. Neither this Order and Final Judgment, the Settlement Agreement, nor any of its terms or the negotiations or papers related thereto shall constitute evidence or an admission by any party or Release that any acts of wrongdoing have been committed, and they shall not be deemed to create any inference that there is any liability therefore. Neither this Order and Final Judgment, the Settlement Agreement, nor any of the terms or negotiations or papers related thereto shall be offered or received in evidence or used for any purpose whatsoever, in this or any other matter or proceeding in any court, administrative agency, arbitration or other tribunal, other than as expressly set forth in the Settlement Agreement.

25     13. Without affecting the finality of the judgment, the Court retains exclusive jurisdiction over the Settlement Agreement, including the administration and consummation of the Settlement Agreement, Plan of Allocation, and in order to determine any issues relating to the attorneys' fees and expenses and any distribution to members of the Class. In addition, without

affecting the finality of this judgment, Defendants and each member of the Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Northern District of California, for any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including, without limitation any suit, action, proceeding or dispute relating to the release provisions therein.

14. The Class Representatives Meijer Inc., Louisiana Wholesale Drug Co., Inc., and Rochester Drug Cooperative are each hereby awarded $60,000, to be paid out of the Settlement Fund, for representing the Customer Class, which amount is in addition to whatever monies these plaintiffs will receive from the Settlement Fund pursuant to the Plan of Allocation. This Court finds these awards to be fair and reasonable.

15. In the event the Settlement does not become final, this Order and Final Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

16. The Court hereby directs that this judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b).

**SO ORDERED** this the **11th** day of **August**, 2011.

_____
Hon. Claudia Wilken
U.S. District Court for the
Northern District of California